## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
_____ DIVISION

Gloria Abiodun Sesay )
504 Wilson Drive )
Mt. Juliet, TN. 37122 )
**Name of Plaintiff** )
)
)
v. )
)
Direct General Ins. Co )
1281 Murfreesboro Road )
Nashville, TN. 37122 )
**Name of Defendant(s)** )

Case No. L _____
(To be assigned by Clerk)

Jury Demand ☐ Yes ☐ No

### COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991, for employment discrimination. Jurisdiction is specifically conferred upon the Court by 42 U.S.C. § 2000e-5, or, if the Plaintiff is a federal employee, by 42 U.S.C. § 2000e-16. Relief is sought under 42 U.S.C. § 2000e-5(g) and/or 42 U.S.C. § 1981a(b).

2. Plaintiff, Gloria Sesay , is a citizen of the United States and resides at
504 Wilson Drive , Mount Juliet,
Street address                                              City
Wilson , TN , 37122 (615) 945-6579
County        State        Zip Code    Telephone Number

3. Defendant, Direct General Ins. Co resides at, or its business is located at
1281 Murfreesboro Road , Nashville ,
Street address                                              City
Davidson , TN. , 37217.
County        State        Zip Code

(If more than one Defendant, list the name and address of each additional Defendant)

_____

_____

_____

_____

_____.

4.   Plaintiff sought employment from the Defendant or was employed by the Defendant at

_____*1281 Murfeesboro Road*_____, _*Nashville*_ ,
Street address                                                    City

_*Davidson*_____ , _*TN*_____ , _*37122*_.
County                State              Zip Code

5.   Defendant discriminated against Plaintiff in the manner indicated in paragraphs 8 and 9 of
     this Complaint on or about _____*April*_____ _*20th*_____ _*2010*_____ .
                                        Month            Day            Year

6.   Plaintiff filed charges against the Defendant with the Tennessee Human Rights Commission
     or the Equal Employment Opportunity Commission charging the Defendant with the acts of
     discrimination indicated in paragraphs 8 and 9 of this Complaint on or about
     _____*April*_____ _*20th*_____ _*2010*_____ .
          Month            Day            Year

7.   The Equal Employment Opportunity Commission or the United States Department of Justice
     issued a Notice of Right to Sue which was received by Plaintiff on _*3 / 23 / 2012*_
                                                                            Month
     _____ _*2012*_ , a copy of which Notice is attached.
          Day            Year

8.   Because of Plaintiff's (1) ____✓____ race, (2) _____✓____ color, (3) ___✓___ sex,

     (4) _____ religion, (5) _____✓_____ national origin, the Defendant:

a._____ failed to employ Plaintiff.

b.___✓___ terminated Plaintiff's employment.

c.___✓___ failed to promote Plaintiff.

d.___✓___ retaliated against Plaintiff for having filed a charge of discrimination.

e.___✓___ other. Explain: Age and disability +
equal pay.

_____

_____

_____

9. The circumstances under which Defendant discriminated against Plaintiff were as follows:

Went on FMLA for my Mother, Came back
Work was being withheld from me.
I filed a Complaint on 4/17/2010 to
employee hotline, blood pressure was very high over
the Wk end, Called in Sick on 4/19/2010 was let
go on 4/20/2010 work was given to temp & trained
Sabrina Overby.

(You may use additional paper, if necessary.)

10. The acts set forth in paragraph 8 of this Complaint:

a._____ are still being committed by Defendant.

b._____ are no longer being committed by Defendant.

c.___✓___ may still be being committed by Defendant.

11. Plaintiff attaches to this Complaint a copy of the charges filed with the Tennessee Human Rights Commission or the Equal Employment Opportunity Commission, which charges are submitted as a brief statement of the facts supporting this Complaint.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief:

a._____ direct that Defendant employ Plaintiff, or

b.____✓____ direct that Defendant re-employ Plaintiff, or

c.____✓____ direct that Defendant promote Plaintiff, or

d.____✓____ order other equitable or injunctive relief: _____

_____.

e.____✓____ direct that Defendant pay Plaintiff back pay in the amount of

_____ and interest on back pay;

f.____✓____ direct that Defendant pay Plaintiff compensatory damages: Specify

the amount and basis for compensatory damages: _____

_____.

g.____✓____ direct that Defendant pay Plaintiff punitive damages in the amount of

_____ because Defendant engaged in a discriminatory practice or

practices with malice or with reckless indifference to Plaintiff's federally protected rights,

as described in paragraphs 8 and 9 above; and that the Court grant such other relief as may

be appropriate, including costs and attorney's fees.

_____
(Signature of Plaintiff)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 494-2010-01401 |

| Tennessee Human Rights Commission | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.)<br>**Ms. Gloria A. Sesay** | Home Phone (Incl. Area Code)<br>**(615) 574-9771** | Date of Birth |
|---|---|---|

| Street Address<br>**504 Wilson Drive, Mount Juliet, TN 37122** | City, State and ZIP Code |
|---|---|

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>**DIRECT GENERAL INSURANCE AGENCY** | No. Employees, Members<br>**101 - 200** | Phone No. (Include Area Code)<br>**(615) 399-4090** |
|---|---|---|

| Street Address<br>**1281 Murfeesboro Road, Nashville, TN 37217** | City, State and ZIP Code |
|---|---|

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|

**DISCRIMINATION BASED ON (Check appropriate box(es).)**

☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☒ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest **10-01-2009** Latest **04-20-2010**

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am an African American, national origin (Sierra Leone) who was hired by the above-named employer on September 27, 2005, as a Treasury Assistant. The company employs more that fifteen employees.

On or about October 2009, I complained to Kim Jones about her unlawful discriminatory practices against me, and the discriminatory actions did not stop. I filed several more complaints with Linda Young and Velda Krancer human resources against My supervisor Ms. Jones. But no actions were taken to stop the discriminatory actions; Ms. Jones continued to discriminate against me. I was excluded from receiving, notifications of meetings, I was made to be seated separately from my similar situated team members, my work was being assigned to a newly hired white female, and all of the similar situated employees received pay increases, but I did not. On April 16, 2010, I complained to Todd Hagely (V.P.) about Ms. Jones continuing to discriminating against me, he said he would meet with me to discuss the problem, but he failed to meet with me, so I filed my fourth complaint using the hotline number provided to me. April 20, 2010, I was informed by Ms. Jones that I was terminated.

I believe that I am being discriminated against because of, my race (African American) and national origin (Sierra Leone) I believe that I am being retaliated against for opposing unlawful employment practices and for filing a charge of discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 4/20/10 [signature] | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Gloria A. Sesay
504 Wilson Drive
Mount Juliet, TN 37122

From: Nashville Area Office
220 Athens Way
Suite 350
Nashville, TN 37228

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 494-2010-01401 | Deborah K. Walker, Supervisory Investigator | (615) 736-2109 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

## - NOTICE OF SUIT RIGHTS -

### (See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_Sarah L. Smith_

MAR 23 2012

Enclosures(s)

**Sarah L. Smith,**
**Area Office Director**

(Date Mailed)

cc:

Jon Dowell, Senior Counsel
DIRECT GENERAL INSURANCE AGENCY
1281 Murfeesboro Road
Nashville, TN 37217

Mark A. Baugh
Baker Donelson Center
Suite 800
211 Commerce Street
Nahsville, TN 37201

Enclosure with EEOC
Form 161 (11/09)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.**  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*




**HW Neurological Institute, LLC**

2011 Church Street, Suite 505,
Nashville, TN 37203
office (615) 320-0007 • fax (615) 320-0009
www.HWneuro.com

Thursday, May 03, 2012

Patient Name:      Gloria Sesay

This letter is to provide you with information that will make your trip to the hospital as easy as possible.

**Robert A. Mericle, MD**
*Board Certified*
*Neurovascular Expertise*
*Fellowship Trained*

Your Pre-Admissions Testing Appointment has been scheduled for:
__5/10/12__ at __10:00am__

Preadmissions Testing is Located on the 1st Floor of the Baptist Hospital
2000 Church Street, Nashville, TN 37236

**Arthur J. Ulm, MD**
*Board Certified*
*Neurovascular Expertise*
*Fellowship Trained*

*Due to lack of insurance surgery has been moved to 7/10/2012 (later date)*

Your surgery has been scheduled for :
__5/15/12__ at __8:30am__      Arrive for surgery at      __6:30am__

The day of your surgery please report to the Baptist Hospital Admitting Office
Located on the 1st Floor of the Baptist Hospital
2000 Church Street, Nashville, TN 37236

Brain Aneurysms
& Vascular
Malformations

Brain Tumors
& General
Neurosurgery

Trigeminal Neuralgia
& Hemifacial Spasm

Spinal Disease
& Peripheral Nerve
Disease

Neurovascular
Disease & Stroke
Prevention

Your Post-Operative appointment has been scheduled for :
__6/7/12__ at __1:00pm__      with   Dr.Mericle
HW Neurological Institute, LLC
Located on the 5th Floor of the Baptist Plaza 1 Building
2011 Church Street, Suite 505
Nashville, TN
37203

Please do not eat or drink anything after midnight the evening before your surgery or the morning of your surgery. If you need to take a specific medication(s) that morning, drink just enough water (a sip) to swallow your medicine. Also, if you are coming in from outside of Nashville and will be staying at a hotel, with family, etc., please contact me with numbers where you can be reached in case of an emergency that could possibly alter the time of your appointment/surgery.

If you have any questions or need additional information regarding your appointments/surgery, or if I can be of any further assistance, please do not hesitate to call me at (615) 320-0007 between 8:00am and 4:00pm CST.

Sincerely,

Kelly Duke,
Patient Coordinator



**Baptist Hospital**
A Member of Saint Thomas Health Services

Date:   05/18/12

Gloria Sesay
504 Wilson Dr
Mt Juliet   TN   37122

Re:     Gloria
DOB:   12/24/1963
SS#   XXX-XX- 1735

Date of Service:        pre-qualify surgery with Dr Mericle, MD

Baptist Hospital has approved the above-mentioned patient for financial assistance for
100% for the above mentioned service **only**.  Please keep a copy of this letter for your
records.

If you have any questions, please do not hesitate to contact any of our Financial
Assistance Team associates.

Tonya P, Patient Accounting Specialist
615-222-7758

Kevin Bruce, Team Leader
615-222-7765

C:\Users\Guest1\AppData\Local\Microsoft\Windows\Temporary Internet
Files\Content.IE5\F4XHUL24\sesay%2c_gloria_pre-qualify[1].docx

Gloria Sesay
504 Wilson Drive
Mount Juliet, TN 37122
September 6, 2011

Re: Claimant: Gloria A. Sesay
SSN: xxx-xx-1735
Appeals Tribal Docket No. 10-11785AA
Tennessee Department of Labor and
Workforce Development

The Wilson County Chancery Clerk and Master's Office
Commissioner of the Department of Labor
Tennessee Department of Labor and Workforce Development
134 South College Street
Lebanon, TN 37087

## **Petition for Judicial review of the Final Decision of the Tennessee Department of Labor and workforce Development**

Dear Chancellor / Commissioner:

Thank you very much for granting my request for filling the petition for judicial review on my case reference number 10-11785AA between my former employer Direct General Insurance Company, located at 1281 Murfreesboro Road, Nashville, Tennessee, 37217 where I was employed from September 27, 2004 through April 20, 2010. My employment was terminated abruptly due to retaliation that I had launched a complaint Friday April 16, 2010 using the employee hotline 1-800-398-1496 referencing case no. 3141785. Due to the intense stress on the job, I had developed high blood pressure, and was ill over the weekend and called in sick on Monday April 19, 2010 were-in I left Ms Kimberly Jones my supervisor a voice message stating that I was ill and was taking a sick day. As always on her part, Ms Jones would never return my call.

Upon my return on Tuesday April 20, 2010, Ms Jones came to my desk and asked if I can meet with her and HR. In this meeting, in the presence of Velda Krancer the director of human resources and a new employee by the name of Burley Nielson, I was offered a severance package. In the severance, I was given 21 days to review and return. I was escorted out of the building by Velda whilst Burley went to get my purse as I waited in the lobby. Due to the nature of my illness and that I was having car trouble, I called my daughter Maria Sesay to come and pick me up as I waited outside. We then went to the EEOC (Equal Employment Opportunity Commission) office and filed a complaint. Mr. James Foster the private investigator that I met with, advised me to fill EEOC form 5 (11/09), with charge or discrimination. These charges are based on retaliation, national origin, race and age. (Please see attachment)

Upon Direct General receipt of my complaint from the EEOC, another form of retaliation occurred as I received a letter of termination issued on April 30, 2010 signed by Kristi Huffman not even waiting on the 21 days I was offered. My belongings were shipped to me via Fed-Ex with the exception of my car keys, check book and some personal notes and documents relating to issue at hand.

If I was a disobedient employee, why was I offered a severance? Why did they dispute my initial complaint upon filing for unemployment stating that I was not let go but left work sick based on Velda's initial representation on the phone hearing with the Department of Labor. I have been having so much problem with Ms Jones where-in I had taken it to the President, Vice President and human resources but nothing was done. I received nothing but threats such as, " the company needs me more than they need you, I have more seniority in terms of position and length of employment, why don't you go back to Africa, I will never promote you, give you a raise or recommend you for a job and so on. I had a boss that was a bully and used coercive power. Direct General Insurance is claiming that they are not aware of my health issues, I had short term disability when I had an heart attack on the job and was rushed to Southern Hills Medical, they are claiming I did not apply for FMLA, I did have one on file for the year 2010, based on their benefits department, I only needed to have one on file per employee as I had applied for one in January before I left for California to go care for my mom who was diagnosed with cancer. Their benefits director Anita Clark was out as I checked with her upon my return as to why I was not paid for the time I was gone as I have enough PTO (paid time off) based on my length of employment with the company, she confirmed that Ms Kimberly Jones my supervisor, did not completed or turn in my paper work and that was aware of my intention to go care for my mother and would check with her as to the reason for my paper work not to be turned in. I then noted to her, that since my return from FMLA, passwords to my PC were being withheld from me and was unable to complete my daily work.

After my termination of employment, not only was I denied unemployment benefits, I was not offered cobra, myself esteem was lowered, I was humiliated, I am about to lose my home of 11yrs, a daughter I could not send to college but with the assistance of State, Church and friends. My credit has gone extremely bad, I have lost my vehicle, I have no form of transportation as of today, no source of income as I have been leaving of my daughter's child support which has ended as of this month and is about to be homeless with no family here to assist my. Everything I have worked for since I came to the United States 27yrs ago has been taken away from me, I cannot even afford to pay my student loan which is incurring interest as I asked for a deferment.

I am requesting a compensation for all these issues, including back pay with interest, mental and emotional abuse, unequal pay (disparte impact), disparte treatment, isolation from other employees, asked to produce papers to show proof of legal employment, even though I did at time of employment and all legal and court cost pertaining to this filling as the court deemed it fit.

Sincerely,

Gloria A. Sesay

CC: Direct General Insurance Company

**[Your Name]**
**[Title]**

Claimant        10B3764BA        Employer

Gloria Sesay                                     Direct General Insurance
504 Wilson Drive
Mount Juliet, TN 37122
February 10, 2011

Tennessee Department of Labor and Workforce Development
Attn. Ms Murble Gardner
Employment Security Division
220 French Landing Drive
Nashville, TN 37243-1002
Tel: (615) 253-0915
Fax: (615) 253-7539

Dear Ms Gardner:

Thank you very much for contacting me last Tuesday February 1, 2011. After thoughtful consideration regarding your request for a written explanation as to what transpired between my former employer Direct General Insurance Company and I, I am asking for a one on one interview with you based on everything that has transpired since my filling for Unemployment Benefits last April 20, 2010.

On April 20th, 2010 I attended a meeting with Kim Jones, Velda Krancer, and Burley Nielson. I was given a severance letter showing date of separation (4/20/10) and general release. This letter was offering me a severance package of Two Thousand Three Hundred Seventy Six Dollars and 00/100 ($2,376.00) less applicable taxes and withholdings with twenty-one days to review and return the letter signed to Direct. It would then be an additional 15 days before I could expect to receive these funds. My Direct ID card that allows entrance into the building was taken from me at this same time. Then Burley went to my work area on the fourth floor, picked up my purse, and brought it to me. He did not get my car keys, debit card and check book which remained behind in my cubicle. I was then escorted from the building by Velda.

On Saturday, April 24th, 2010 I received two boxes via FedEx from Direct General Insurance, my former employer. The package contained pictures and other miscellaneous personal items that were in my cubicle. I have a receipt from the shipment.

I was given *21 days* to review and return the severance letter. Before I could utilize this time Direct General Insurance on April 30th, 2010 wrote a termination letter to the TN Dept of Labor and Workforce stating I was terminated due to lack of attendance. Direct did send a copy of this letter to me. I received this letter on May 4th, the postmark on this letter is dated May 3rd, while the letter inside is dated April 30th, 2010.

As recent as <u>January 14th 2011,</u> I have resubmitted all the evidences I received from Direct General Insurance.

## CONFIDENTIAL SEPARATION AGREEMENT AND GENERAL RELEASE

This Confidential Separation Agreement and General Release ("**Agreement**") is by and between Gloria Sesay ("**Employee**") and Direct Administration, Inc. ("**Direct**").

A.      Employee was employed by Direct from September 27, 2004 until April 20, 2010 at which time his/her employment was terminated.

B.      Though it has no obligation to do so, Direct desires to provide certain severance benefits to Employee in consideration of a final and complete resolution, with prejudice, of any and all matters between them relating to Employee's employment with Direct, the terms and conditions of that employment, and the termination of that employment.

**NOW, THEREFORE**, the parties, in consideration of the above and the agreements and covenants herein, agree as follows:

1.      **Payment.**  As consideration for Employee's execution of this Agreement, Direct shall pay Employee an amount equal to Two Thousand Three Hundred Seventy Six Dollars and 00/100 ($2,376.00) ("**Amount**") less applicable taxes and withholdings required by law, an amount to which Employee agrees he/she would not otherwise be entitled, to be paid by check payable to "Gloria Sesay" within fifteen (15) days after Direct's receipt of an executed copy of this Agreement.  Direct will issue Employee an IRS Form W-2 for the Amount.  Employee expressly understands and agrees that (i) Direct shall not be required to make any further payment, for any reason whatsoever, to his/her or on his/her behalf regarding any claim or right whatsoever which might possibly be asserted by him/her, and (ii) Direct, by entering into this Agreement, in no way admits that it treated him/her unlawfully or unfairly in any way. Employee acknowledges that this Agreement is not an admission of liability or fault by Direct, by whom liability and fault are expressly denied.

2.      **Release.**  In consideration of the Payment in Section 1 and other good and valuable consideration, the receipt and sufficiency of which Employee hereby acknowledges, Employee releases and forever discharges Direct, its affiliates, and their members, officers, directors, shareholders, employees, successors, parents, agents, attorneys and assigns ("**Released Parties**"), from any and all claims, demands, obligations, or liabilities for injuries, death, losses and damages, whether personal, property or economic, whether now known or unknown, in any way arising out of or related to his/her employment with Direct, the terms and conditions of that employment, and the termination of employment up to the date of the signing this Agreement.

Employee represents that he/she has not filed or caused to be filed any lawsuit, complaint, or charge with respect to any claim this Agreement purports to waive, and he/she promises never to file or prosecute any lawsuit, complaint, claim for damages, or charge based on such claims. This provision will not apply to non-waivable charges or claims brought before a governmental agency.  However, for non-waivable claims, Employee agrees to waive any rights to monetary or other recovery (including but not limited to reinstatement) should a governmental agency or other party pursue claims on his/her behalf, either individually or as part of any class or

1

J DH 96584 v1
2789045-000021

collective action. Employee understands that the claims he/she is releasing may arise under various laws and under any possible legal, equitable, statutory, common law, or tort theory, including, but not limited to:

2.1     Anti-discrimination statutes, such as the Age Discrimination in Employment Act ("**ADEA**"), and the Older Workers Benefit Protection Act, which prohibit age discrimination in employment; Title VII of the Civil Rights Act of 1964, which prohibits discrimination or harassment based on race, color, national origin, religion, or sex; the Equal Pay Act, which prohibits paying men and women unequal pay for equal work; the Americans With Disabilities Act, which prohibits discrimination based on disability; the Tennessee Handicapped Discrimination Act, § 8-50-103, *et seq.*, which prohibits discrimination based solely upon any physical, mental or visual handicap of the applicant, or because such person uses a guide dog; the Tennessee Human Rights Act, § 4-21-101, *et seq.*, which prohibits discrimination based on race, creed, color, religion, sex, age or national origin; and any other federal, state, or local law prohibiting employment discrimination, harassment, or retaliation of any kind.

2.2     Other laws, such as the Family and Medical Leave Act of 1993 ("**FMLA**"); any federal, state, or local laws restricting an employer's right to terminate employees, or otherwise regulating employment; any federal, state, or local laws enforcing express or implied employment contracts or requiring employers to deal with employees fairly or in good faith; and any wage payment and collection law.

2.3     Tort and contract claims, such as claims for wrongful or constructive discharge, negligence, physical or personal injury, emotional distress, fraud, fraud in the inducement, negligent misrepresentation, defamation, invasion of privacy, interference with contract or with prospective economic advantage, breach of oral, express or implied contract, breach of covenants of good faith and fair dealing, and similar or related claims.

2.4     Other released claims, include, without limitation, claims: (i) under the Employee Retirement Income Security Act of 1974; (ii) for compensation, stock options, bonuses, or lost wages; (iii) in any way related to design or administration of any employee benefit program; (iv) for severance or similar benefits or for post-employment health or group insurance benefits; or (v) for fees, costs, or expenses of any attorneys who represent or have represented Employee.

2.5     Unknown claims. Employee understands that he/she is releasing the Released Parties from claims that he/she may not know about as of the date hereof and that this is his/her knowing and voluntary intent even though someday he/she might learn that some or all of the facts he/she currently believes to be true are untrue and even though he/she might then regret having signed this Agreement. Employee is expressly assuming that risk and agrees that this Agreement shall remain effective in all respects in any such case. Employee expressly waives all rights he/she might have under any law that is intended to protect him/her from waiving unknown claims, and Employee understands the significance of doing so.

3.     **Representations/Warranties.** Employee represents warrants, and covenants that he/she has not sold, assigned or transferred any claim he/she is purporting to release, nor attempted to

2

J DH 96584 v1
2789045-000021

do so; he/she has the full legal authority to enter into this Agreement for herself and his/her estate and requires no approval of anyone else; he/she relied on the advice of attorneys of his/her choice concerning legal and tax consequences; this Agreement has been completely read and explained to Employee by his/her attorney, if any; and he/she fully understands and voluntarily accepts the terms of the Agreement.

4.      **FMLA and FLSA Rights Honored.**  Employee acknowledges that he/she has received all of the leave from work for family and/or personal medical reasons and/or other benefits to which he/she believes he/she is entitled under Direct's policy and FMLA.  Employee has no pending request for FMLA leave. Direct has not mistreated Employee in any way because of any illness or injury to Employee or any member of his/her family.  Employee has received all monetary compensation, including hourly wages, salary and/or overtime compensation, to which he/she believes he/she is entitled under the Fair Labor Standards Act ("**FLSA**").

5.      **ADEA Release Requirements Satisfied.**  Employee understands that this Agreement has to meet certain requirements to validly release any ADEA claims Employee might have had, and Employee represents and warrants that all such requirements have been satisfied.  *Direct hereby advises Employee that before signing this Agreement, he/she may take twenty-one (21) days to consider this Agreement.*  Employee acknowledges that: (1) he/she took advantage of as much of this period to consider this Agreement as he/she wished before signing; (2) he/she carefully read this Agreement; (3) he/she fully understands it; (4) he/she entered into this Agreement knowingly and voluntarily (free from fraud, duress, coercion, or mistake of fact); (5) this Agreement is in writing and is understandable; (6) in this Agreement, he/she waives current ADEA claims; (7) he/she has not waived future ADEA claims; (8) he/she is receiving valuable consideration in exchange for execution of this Agreement that he/she would not otherwise be entitled to receive; and (9) Direct hereby advises Employee in writing to discuss this Agreement with his/her attorney (at his/her own expense) prior to execution, and he/she has done so to the extent he/she deemed appropriate.

6.      **Confidentiality.**  "**Information**" means all confidential or proprietary information and trade secrets of Direct learned by Employee in connection with his/her employment that was not publicly disclosed or made generally available on a non-confidential basis.  Information is and will continue to be Direct's exclusive property or trade secrets. Information includes without limitation the following: (1) business policies, finances, sales information and business plans; (2) financial projections, including without limitation, sales forecasts, targets and computation(s) of market share; (3) customized software and marketing tools; (4) lists/identity of Direct customers, prospects and/or vendors (i.e. names, addresses, policy expiration dates, bank/credit card account numbers, credit histories/reports, social security numbers, and telephone numbers); (5) performance criteria; (6) training materials, including methodologies, processes, and practices, and other financial services methods developed and/or used by Direct or its affiliates; (7) underwriting assumptions and guidelines; (8) premium rate development information; (9) management and administrative systems; and (10) intellectual property rights, and license agreements for use of third party intellectual property.

3

J DH 96584 v1
2789045-000021

6.1 _Protection of Information._ Employee agrees not to divulge or use, directly or indirectly, Information without Direct's prior written consent. Employee shall not directly or indirectly misappropriate, divulge, or use trade secrets so long as the information is a trade secret under applicable law. Employee agrees that if he/she is questioned about Information by anyone not authorized to receive it, he/she will notify Direct's General Counsel within 24 hours and will not respond to the inquiry without Direct's written consent unless required by law to do so.

6.2 _Return._ Employee represents that with this Agreement, he/she has returned all Information and/or other Direct property in his/her possession without exception and in whatsoever form including without limitation all documents, records, keys, passcards, passwords, credit cards, computers, disks, and other media of any kind relating to Direct and its customers, prospects and/or vendors, and any copies, in whole or part, whether or not prepared by him/her, all of which are the sole and exclusive property of Direct. To the extent Information was in electronic form, he/she represents that he/she irretrievably deleted all such information.

6.3 _Release Confidentiality._ Employee shall not disclose the terms of this Agreement or Amount to anyone other than his/her spouse and his/her legal or financial advisors and, even then, only if they agree to maintain confidentiality. Such person's disclosure of Information to any third party is a violation of this Agreement by Employee. This section does not prohibit disclosure of the terms of this Agreement or the Amount to the extent necessary to enforce this Agreement or to the extent otherwise legally required.

## 7. **Review & Revocation**

7.1 _Review:_ ***Before executing this Agreement, Employee may take 21 days to consider this Agreement.*** Employee acknowledges and agrees that his/her waiver of rights under this Agreement is knowing and voluntary and complies in full with all criteria of the regulations promulgated under the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, Title VII of the Civil Rights Act of 1964, and any and all federal, state and local laws, regulations, and orders. ***Employee expressly warrants that he/she is advised hereby in writing to consult with an attorney prior to executing this Agreement.*** In the event that Employee executes this Agreement prior to the expiration of the 21-day period, he/she acknowledges that his/her execution was knowing and voluntary and not induced in any way by Direct or any other person.

7.2 _Revocation:_ For a period of 7 days following his/her execution of this Agreement, Employee may revoke this Release. If he/she wishes to revoke this Release, he/she must revoke in writing delivered by hand or confirmed facsimile prior to the end of the 7th day of the revocation period to Kim Nowell, Senior Vice President, Human Resources, 1281 Murfreesboro Road, Nashville, TN 37217, (615)366-3767 (fax), or the revocation will not be effective. If Employee timely revokes this Agreement, all provisions hereof will be null and void, including the payment in Section 1 above. If Employee does not advise Ms. Nowell in writing that he/she revokes this Release within 7 days of his/her execution of it, this Release shall be forever enforceable. The 8th day following Employee's execution of this Agreement shall be the Effective Date of this

4

Case 3:12-cv-00585   Document 1   Filed 06/07/12   Page 17 of 54 PageID #: 80

Release. ***This Agreement is not effective or enforceable until the revocation period has expired.***

8. **Governing Law**. Except to the extent governed by federal law, this Agreement shall be governed by the laws of and deemed to have been executed in the State of Tennessee, without reference to conflict of law principles. This Agreement shall be deemed to be that negotiated and approved by both Parties and no rule of strict construction shall be applied against either party.

9. **Entire Agreement/Severability**. This Agreement contains the entire agreement of and supersedes all prior discussions, negotiations, or agreements between the Parties. The Parties have not relied on any promise, representation, or warranty not expressly set forth herein. In the event that any word, phrase, sentence or provision violates any applicable statute, ordinance, or rule of law in any applicable jurisdiction, such provision shall be ineffective to the extent of such violation without invalidating any other provisions herein.

10. **Counterparts**. This Agreement may be signed in two counterparts, each of which shall be deemed an original when signed and shall constitute the same instrument. The Parties agree that signatures that are faxed, or scanned or sent by electronic mail, shall be considered original signatures for purposes of executing this Agreement.

Employee acknowledges that he/she carefully read this Agreement, he/she understands completely its contents, he/she understands the significance and consequences of signing it, and he/she intends to be legally bound by its terms. Employee acknowledges that he/she was given twenty-one (21) days to consider executing this Agreement and that he/she has been advised in writing to review this Agreement with counsel. Employee certifies that he/she has agreed to and signed this Agreement voluntarily and as his/her own free will, act, and deed, and for full and sufficient consideration.

IN WITNESS WHEREOF, each of the Parties have executed on the dates set forth below.

Dated:_____, 2010.        DIRECT ADMINISTRATION, INC.,
                                    INC.

                                    _____
                                    Kim W. Nowell, SVP, Human Resources


Dated:_____, 2010.        _____
                                    Gloria Sesay


5

J DH 96584 v1
2789045-000021



**STATE OF TENNESSEE**
**DEPARTMENT OF EMPLOYMENT SECURITY**
**UNEMPLOYMENT INSURANCE**
# SEPARATION NOTICE

1. Employee's Name: <u>Sesay, Gloria</u>   2. SSN: _____

2. Last Employed: From: <u>9/27/2004</u> to <u>4/20/2010</u>   Occupation : <u>Treas Ast2</u>

3. Where was work performed? <u>TN</u>

4. Reason for Separation:   Discharge

      If lack of work, indicate if layoff is:   ☐ Permanent   ☐ Temporary

      If temporary, when do you expect to recall this individual?_____
                                                  *Date*
      If other than lack of work, explain the circumstances of the separation:

      <u>Attendance</u>

5. Employee received:   ☐ Wages in lieu of Notice   ☐ Separation pay   ☐ Vacation Pay

      In the amount of $ _____ for period from _____ to_____

Employer's Name: <u>Direct Administration</u>

**EMPLOYER'S ACCOUNT NUMBER:**
Address where additional information may be obtained:

**0   4   1   8   0   6   9**

*(Number shown on State Quarterly Wage and Premium Report, DES 220.5, ES-0318)*

Street: <u>1281 Murfreesboro Rd.</u>
City: <u>Nashville</u>  State: <u>TN</u>  Zip Code: <u>37217</u>

  Telephone Number: <u>(615) 360-4557</u>

I CERTIFY that the above worker has been separated from Employer's work and the information furnished hereon is true and correct. This report has been handed to or mailed to the worker.

*Signature of Official or Representative of the Employer who has first-hand knowledge of the separation.*

**NOTICE TO EMPLOYER**
Within 24 hours of the time of separation, you are required by Rule 0560-1-1-02 of the Tennessee Employment Security Law to provide the employee with this document, properly executed, giving the reasons for separation. If you subsequently receive a request for the same information on ES-1695, please give complete information in your response.

<u>Payroll Manager</u>
*Title of Person signing*

<u>4/30/2010</u>
*Date completed and Release to Employee*

DES 220.11
(R.12./94)
ES-0451

**NOTICE TO EMPLOYEE**
**TAKE THIS NOTICE TO THE EMPLOYMENT SECURITY OFFICE IF YOU WISH TO FILE A CLAIM FOR UNEMPLOYMENT INSURANCE BENEFITS.**

**From:** Gloria A. Sesay
**Sent:** Thursday, September 24, 2009 2:01 PM
**To:** Todd Hagely
**Subject:** RE: Hostile Environment

Thank you. Is it OK if I come and talk to you

**From:** Todd Hagely
**Sent:** Thursday, September 24, 2009 1:56 PM
**To:** Gloria A. Sesay
**Subject:** RE: Hostile Environment

I am off of the phone now.

Todd

**From:** Gloria A. Sesay
**Sent:** Thursday, September 24, 2009 12:54 PM
**To:** Kim M. Jones
**Cc:** Todd Hagely
**Subject:** Hostile Environment

Kim,

The same thing is repeating itself, "Vindictiveness" and it is making it difficult for me to function. I have been by your office twice to talk to you.
I am sure no one on the team is been harassed this way. Like I always say that is the reason I come in the time I come in and do my job and go home.

I took my daughter for a driving test yesterday, Yes, I was gone a long time, I came in and talk to you. All of a sudden this morning it is nothing but vindictiveness. (drama)
I am a professional, I stayed till 8:00pm and performed my job besides I have been with the company five years I know my duties, what is all this about.
This is more than emotional abuse. I am not here to be liked but to be a professional.

Thanks
Gloria

2



On your corner. In your corner.™

Dear Former Direct Employee-Agent:

If you have a current license and/or appointment with one or more of the insurers within the Direct General Group of Companies or with whom Direct has a managing general agency relationship, please be advised that such appointment(s) are terminated effective as of the termination of your employment with Direct. We have or will soon as possible file the necessary termination of appointment documentation with the applicable Department of Insurance.

Please contact Direct's licensing department if you have any questions.


Sincerely,

Amy Sanford
VP - Legal



TENNESSEE DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT ■ UNEMPLOYMENT INSURANCE DIVISION

# MEDICAL CERTIFICATE

*(For the purpose of filing for Unemployment Insurance Benefits)*

| Claimant Name | Social Security Number | Date |
|---|---|---|
| GLORIA A SESAY | | 04/23/2010 |

## I. Dates of Treatment

This is to certify to the Tennessee Department of Labor and Workforce Development that the above named individual

has been under my treatment from ___10/2/2006___ to ___4/28/2010___
(date first treated for the condition)      (date last treated for the condition)

## II. Nature of Medical Condition or Injury

The individual was treated for ① _uncontrolled high blood pressure_
(common name of medical condition or injury)

**Circle One**     ② _Depression_

(Ⓨ)   N    Was the injury or condition serious enough to necessitate leaving usual work?

If Yes, for what period of time ___04/19/2010___ to _____
(enter date)      (enter date)

Y   (N)    Was the injury or condition caused by the individual's last period of employment?

## III. Release/Restrictions

**Circle One**

Y   (N)    The individual was released _____ .
(enter date)

Y   (N)    In my opinion the individual is able to return to usual duties.

If Yes, enter specific date individual became able to return to usual duties: _____
(enter date)

If No, enter estimated date individual is expected to be able to return to usual duties: ___5/1/2010___
(enter date)

(Ⓨ)   N    The individual is able to work with the following restrictions:

___When blood pressure returns___

Comments: ___to normal.___

## IV. Authority

Failure to return by: 05/03/2010
could result in delay or denial of benefits

Attn: Adjudicator 1907

| UI CLAIMS CENTER |
| PO BOX 280870 |
| NASHVILLE, TN 37228-0870 |

Signed: _____ (M.D./D.O./ Other: _____
(Please specify)

Date: ___4/28/2010___

Print Medical Practitioner's Name: _Ernesto Vazquez_

Address: _3939 Central Pike_
_(Hermitage, TN 37076_

Telephone: (_615_) _883-2231_

RDA N/A

Claims Center Telephone No: 615-253-0907

Claims Center FAX No: 615-253-7545

LB0514 (R.7/98)

**Summit Primary Care**
Ph 615-883-2331   Fax: 615-391-17.
3939 Central Pike, Hermitage, TN 37076



Name  GLORIA  SESAY
Addr  504 WILSON DR
City  MT JULIET, TN 37122

Date  06/01/2010
DOB
Ph (615)574-9771

Rx   WORK EXCUSE Pt was seen in our clinic. Please excuse for
absences. May return on Monday, June 7, 2010 without
restrictions

Disp  *********          ZERO

Refill  *********         ZERO

Dispense as Written                    Substitution Permitted

Ernesto Vazquez, MD

DEA _____   Rx# 1591014317-151200

Attention: Your provider has authorized the above number of refills based
on your condition. Prior to filling your last refill, please call your provider to
schedule a follow up visit in order to obtain a new prescription.

## Gloria A. Sesay

**From:** Heather Ebersberger
**Sent:** Wednesday, January 20, 2010 8:34 AM
**To:** Gloria A. Sesay
**Subject:** FMLA

I need to see you ASAP about your FMLA paperwork, stop by when you have a moment.



F I L E D
A.M. OCT 14 2011 P.M.
1:05
BARBARA WEBB, CLERK & MASTER
CHANCERY COURT WILSON CO, TN

**From:** Kim M. Jones
**Sent:** Monday, February 22, 2010 5:23 PM
**To:** Gloria A. Sesay
**Subject:** RE: Gloria Vacation

Ok thanks. I know you changed several times and I couldn't remember.

**From:** Gloria A. Sesay
**Sent:** Monday, February 22, 2010 4:40 PM
**To:** Kim M. Jones
**Subject:** FW: Gloria Vacation
**Importance:** High

Kim,

　　　　As per our communication today, please see below communication.

Thanks
Gloria Sesay
(615)365-3639

**From:** Kim M. Jones
**Sent:** Monday, February 01, 2010 4:29 PM
**To:** Nashville Treasury
**Subject:** Gloria Vacation

Gloria will be on vacation from Feb 4 – Feb 20.

Thanks,
Kim

http://sz0081.wc.mail.comcast.net/zimbra/public/blank.html                                                6/24/2010

TENNESSEE DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT
DIVISION OF EMPLOYMENT SECURITY

ISO IMPORTANTE                    AGENCY DECISION                    AVISO IMPORTANTE

                                        EMPLOYER:      CMC   0408/0408

                                        DIRECT GENERAL INSURANCE
CLAIMANT:        CMC   0408/0408        ATTN: PERSONNEL
                                        1281 MURFREESBORO ROAD
GLORIA A SESAY                          NASHVILLE, TN 37217
504 WILSON DRIVE
MOUNT JULIET, TN 37122


CLAIMANT WAS FORCED TO LEAVE MOST RECENT WORK BECAUSE OF NON-WORK
RELATED HEALTH REASONS.
CLAIMANT PROVIDED MEDICAL DOCUMENTATION PROHIBITING HER FROM
RETURNING TO WORK AT THIS TIME.

THE CLAIMANT IS NOT YET ABLE TO PERFORM CLAIMANT'S USUAL DUTIES.
UNDER TCA 50-7-303, AS SOON AS THE CLAIMANT IS RELEASED TO
PERFORM USUAL DUTIES. IF THE CLAIMANT RETURNS TO THE EMPLOYER AND
OFFERS TO PERFORM USUAL WORK, FINDING SUCH WORK UNAVAILABLE,
CLAIMANT MAY BE APPROVED FOR BENEFITS, IF OTHERWISE ELIGIBLE.
THE CLAIMANT IS INELIGIBLE FOR BENEFITS AS OF THE CLAIM DATE BELOW
AND UNTIL THESE CONDITIONS ARE MET.

APPEAL RIGHTS:   INTERESTED PARTIES HAVE THE RIGHT TO APPEAL THIS
DECISION WITHIN 15 CALENDAR DAYS OF DATE MAILED.  IF STATE OFFICES
ARE CLOSED ON THE FINAL DAY, THE NEXT BUSINESS DAY IS THE DEADLINE.
LATE APPEALS WILL ONLY BE ALLOWED IF YOU CAN SHOW, IN A HEARING,
THAT YOU HAD GOOD CAUSE.  FILE THE APPEAL BY MAIL TO TDLWD, APPEALS
TRIBUNAL, 220 FRENCH LANDING DR, NASHVILLE, TN 37243-1002 OR BY FAX
TO (615)741-8933.  THE CLAIMANT'S SOCIAL SECURITY NUMBER MUST APPEAR
ON ALL DOCUMENTS.  THE GUIDE FOR RECEIVING UI BENEFITS AND THE
EMPLOYER'S HANDBOOK CONTAIN ADDITIONAL INFORMATION.  THE CLAIMANT
MUST CERTIFY WEEKLY TO REMAIN ELIGIBLE FOR BENEFITS SHOULD FILING
AN APPEAL RESULT IN APPROVAL.  YOU MAY BE REPRESENTED BY AN ATTORNEY
OR ASSISTED BY ANY OTHER REPRESENTATIVE YOU CHOOSE.  IF YOU CANNOT
AFFORD AN ATTORNEY, FREE OR LOW COST LEGAL ASSISTANCE MAY BE
AVAILABLE THROUGH YOUR LOCAL LEGAL SERVICES ORGANIZATION OR BAR
ASSOCIATION.  WE CANNOT PROVIDE AN ATTORNEY FOR YOU.


SSN:              XXX-XX-1735              EMPLOYER RESPONSE: TIMELY
CLAIM DATE:       04/21/2010              RESPONSE RECEIVED: 04/28/2010
BYE:              04/16/2011
                                          LOCAL OFFICE:    0408/0408
DATE MAILED:      05/27/2010              ADJ OFF ST/DK: 1907

DES 232.10A       VL25
LB-0699                                                BPO190      541

Case 3:12-cv-00585   Document 1   Filed 06/07/12   Page 26 of 54 PageID #: 89



**Direct**

1281 Murfreesboro Road
Nashville, TN 37217

December 17, 2008

Gloria Sesay
504 Wilson Drive
Mt. Juliet, TN 37122

Dear Ms. Sesay,

Direct General Corporation and subsidiaries view employee complaints and concerns as a serious matter, and we will investigate when brought to our attention.

Per our conversation on November 14, 2008 regarding your complaint. I have investigated the matter.

If there is anything else that you need please feel free to contact me at 615-366-3778.

Sincerely,

Linda Young
Human Resources Manager



**irect**®

05, NASHVILLE, TN 37217

Gloria Sesay
504 Wilson Drive
Mt. Juliet, TN 37122

3712232812 RC20



**Direct**
P.O. BOX 17905, NASHVILLE, TN 37217

016H26520575

$00.440
05/03/2010
Mailed From 37217
US POSTAGE

Hasler

Sesay, Gloria
504 Wilson Dr
Mt. Juliet, TN 37122

| | |
|---|---|
| **From:** | Gloria A. Sesay |
| **Sent:** | Friday, November 13, 2009 9:30 AM |
| **To:** | Kim M. Jones |
| **Subject:** | Response to Sitting Arrangement as of 11/12/09 |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Kim,

      After thinking through our discussion yesterday regarding my sitting position, I do have this question? I have been with the company for five years and has constantly
been secluded for my teammates based on my sitting position. Is there a reason?

Thanks

Gloria Sesay
Ext. 3639



**Direct®** *We'll do right by you.*

*Let's do right by each other.*

FILED
Oct 18, 2011 YA
BARBARA WEBB, C. & E.
CHANCERY COURT WILSON CO., TN
1:28 P.M. W

Direct General is committed to providing a workplace free of discrimination or harassment of any kind. The Company prohibits harassment by managers, supervisors, co-workers or people doing business with Direct General. If you feel you have been harassed or discriminated against, contact a member of management, the Human Resources Department or our Compliance Hotline at

800.398.1496

# Gloria A. Sesay

F I L E D

A.M. OCT 14 2011 P.M.
   1:05
BARBARA WEBB, CLERK & MASTER
CHANCERY COURT WILSON CO, TN

Dear Mr. CEO,
        I thank you very much for the communication under "Code of Conduct" that was sent out
on Tuesday November 10, 2009.  It is with joy that some of us have to say it is about time
that something be done to improve the environment and our working conditions
 we are working under.  I have attached a draft I had intended to forward you months ago but
thought HR and my bosses would have rectified by  giving you time to correct and develop
other areas of the business.

It is so bad that some of us, the tools to process the work is been withheld from us,
responses been withheld from us, work taken away from us and given to others that creates
nothing but error and cost to the company.  Time is been spent on resolving issue that are
not work related as to hearsay and so forth.  I am also forwarding you issues as recent as
the earlier part of this week and should you have any question, I would greatly and politely
give you other instances in person if given the opportunity.  I implore that you are a man of
integrity as I can tell not only from your written communications to your employees but the
way you acknowledge us when you walk by.

I take into consideration the third paragraph in your communication stating that "Our
commitment to the highest ethical standards serves at the cornerstone for our success, both
individual and as a company.  It helps us deliver greater customer satisfaction and enhances
our reputation within the business community.  It also creates the platform for sustainable
success." To this I say thank-you.

Faithfully,


Gloria Sesay

-----Original Message-----
From: CN=Gloria A. Sesay/O=Direct
Sent: Sunday, April 05, 2009 12:00 AM
To: CN=Dan Tarantin/O=Direct
Subject: Re: Complaint

Dan,
 Good morning!  I am sorry to bother you, but I have been going through some Heartaches at my
present position with my manager.  I have tried all angles and nothing but road blocks and
threats.  I am awaiting a response from Linda Young today as she promised to get back with me
sometime today.

I look forward to talking with you.

Gloria A. Sesay
Treasury Assistant
Direct General Financial Services Inc.
Tel: (800) 330-4541 ext. 3639
        (615) 365-3639

1

**Subject:** Code of Conduct

*We'll do right by you.*

To All Direct General Employees:

I am pleased to announce that in the upcoming weeks, we will be rolling out a new Code of Conduct to all Direct General employees.

In today's competitive, fast changing marketplace, where business ethics are all too often comprised or ignored altogether, our Code of Conduct sets forth the constraints that do not change, here at Direct General.

Our commitment to the highest ethical standards serves at the cornerstone for our success, both individual and as a company. It helps us deliver greater customer satisfaction and enhances our reputation within the business community. It also creates the platform for sustainable success.

This roll-out will be a part of a required workshop addressing core policies and respect in the workplace. A code of conduct can not anticipate every situation, however in the workshop you will gain a clear understanding of the ethics of our company and what we expect from everyone who works here.

We believe doing right by our customers begins with doing right by our employees. We value the many different perspectives our employees bring to the table and know that this diversity can only make us stronger. By demonstrating unquestionable ethics and integrity in all that we do, we secure a better future for all of us. Simply put, integrity builds trust, and trust is essential for building business relationships that endure and a company that prospers.

Information regarding the upcoming mandatory meetings and webinars will be sent to you very soon. I appreciate everyone's participation in these meetings and your commitment to Direct.

Thank you for all that you do.

Dan

**image001.png**
7 KB

*Will do right by you.* **image002.png**
4 KB

# SmartZone Communications Center

g.banya09@comcast.ne

Font size

# FW: Code of Conduct

**From :** Gloria A. Sesay <Gloria.Sesay@directgeneral.com>
**Subject :** FW: Code of Conduct
**To :** G Banya09 <G.Banya09@comcast.net>

Tue Nov 10 2009 3:20:33 PM
2 attachments

**From:** DTarantinCEO
**Sent:** Tuesday, November 10, 2009 12:20 PM
**To:** Aaron A. Payne; Aaron L. Hale; Aaron Sandbulte; Abby G. Lewellen; Adam L. Troxler; Adam W. Herbison; Adarsh Raveendran; Adrian
C. Opinion; Adrianna B. Valdez; Adrienne L. Chapman; Ahmid B. Basaye; Aida I. Barada; Aimee B. Williams; Ajith Lal; Albert Ebersbach;
Alecia M. Whitt; Alex E. Huertas; Alexander V. Campana; Alice A. Gonzalez; Alicia Campos; Alicia D. Pierce; Alisa S. Beloney; Allan D.
Duarte; Allan J. Mackey; Allen Davis; Allen Winslow; Allison R. Busby; Amanda A. Blackford; Amanda Kay Jarrell; Amanda L. Rios;
Amanda Mauck; Amanda R. Belone; Amanda S. Daigre; Amarnath AIppathurai; Amos A. Shirikissoon; Amy B. Ivey; Amy M. Sanford; Amy
P. Stokes; Amy R. Richard; Ana L. Ferretiz; Ana P. Reeves; Ana Z. Bennett; Anantha S. Lekshmanan; Andrea J. Lidell; Andrea M. Berens;
Andrew D. Partain; Andrew M. Schlesinger; Angel E. Machuca Mejias; Angel L. Vega; Angela D. Cooper; Angela D. Raines; Angela Green;
Angela J. Wagner; Angela K. Militello; Angela L. Parker; Angela M. Boyd; Angela M. Taylor; Angela V. Thornton; Angelica A. Cevallos;
Anilesh Yenumulapalli; Anita A. Clark; Anna G. Sarabia; Anna M. Armond; Anna T. Landry; Annette F. Glorro; Anthony D. Parker; Anthony
L. Rucker; April J. Cola; Armando B. Longoria; Artis F. Williams; Ashley B. Burrell; Ashley Baker; Ashley D. Waldecker; Ashley H. Mack;
Ashley J. McCray; Ashley L. Phillips; Austin G. Bonn; B.Joe Mitchell; Barbara A. Hollowell; Barbara A. Robinson; Barbara C. Sholmire;
Barbara Grillo; Barbara J. Glover; Barbara J. Harkness; Barbara J. Michael; Barbara R. Ardoin; Barclay M. Jones; Barry E. Guillory; Ben B.
Askeland; Bennetta M. Beverly; Bernadette Germain; Bernice L. Batise; Bessy R. Manzano; Beth A. Hollingsworth; Beth J. Hunt; Betsy
Santana; Bettina C. Head; Betty F. Thomas; Betty P. Haddock; Beverly A. Sandifer; Beverly E. Leagea; Beverly J. Bench; Bill C. Zamanis;
Bill E. Lowry; Bill Vanwagner; Billy A. Levine; Blanca L. Jerezano; Bonnie D. Dencausse; Bonnie I. McKenzie; Brack I. Stacy; Brad White;
Brandon R. Cordle; Brandy N. Atkins; Brandy R. Eppinett; Brandy R. Morris; Brandy Ross; Brenda C. Bostwick; Brenda F. Chairs; Brenda F.
Savage; Brenda P. Farris; Brenna L. Knierim; Brent Menier; Brent Owens; Brett A. Schultz; Brett O. Faulkner; Brian C. Cochran; Brian
David Beach; Brian G. Moore; Brian K. Ott; Brian T. Hanrahan; Brianna A. Melendez; Brianne R. Adams; Brittany A. Sanders; Brittany D.
Coverson; Brittany E. Cooner; Brittany E. Hopkins; Brittany L. Barber; Brittany L. Smith; Bruce Blair; Bruce R. Everett; Bruce W. Ellis;
Brunilda K. Lazano; BU1000; BU1002; BU1003; BU1005; BU1010; BU1011; BU1013; BU1014; BU1015; BU1018; BU1020; BU1023;
BU1024; BU1025; BU1027; BU1032; BU1033; BU1035; BU1036; BU1038; BU1054; BU1058; BU1059; BU1064; BU1065; BU1066; BU1067;
BU1068; BU1075; BU1077; BU1078; BU1083; BU1084; BU1086; BU1087; BU1089; BU1090; BU1096; BU1103; BU1106; BU1108; BU1109;
BU1110; BU1116; BU1119; BU1120; BU1128; BU1129; BU1130; BU1131; BU1132; BU1133; BU1135; BU1140; BU1144; BU1151;
BU1153; BU1154; BU1155; BU1156; BU1160; BU1162; BU1164; BU1165; BU1167; BU1168; BU1170; BU1171; BU1173; BU1174; BU1177;
BU1178; BU1179; BU1180; BU1187; BU1188; BU1189; BU1190; BU1193; BU1194; BU1197; BU1198; BU1200; BU1203; BU1206; BU1217;
BU1219; BU1227; BU1230; BU1231; BU1233; BU1241; BU1256; BU1257; BU1268; BU1270; BU1271; BU1273; BU1274; BU1277; BU1280;
BU1281; BU1282; BU1283; BU1284; BU1285; BU1286; BU1290; BU1291; BU1292; BU1294; BU1299; BU1301; BU1304; BU1308; BU1309;
BU1310; BU1316; BU1317; BU1318; BU1319; BU1323; BU1327; BU1332; BU1334; BU1339; BU1370; BU1374; BU1378; BU1385; BU1386;
BU1388; BU1390; BU1391; BU1392; BU1393; BU1394; BU1396; BU1398; BU1401; BU1402; BU1404; BU1405; BU1406; BU1407; BU1408;
BU1410; BU1411; BU1412; BU1414; BU1415; BU1416; BU1417; BU1418; BU1419; BU1420; BU1421; BU1422; BU1423; BU1424; BU1425;
BU1426; BU1427; BU1428; BU1429; BU1431; BU1434; BU1435; BU1437; BU1438; BU1439; BU1441; BU1442; BU1443; BU1444; BU1445;
BU1446; BU1447; BU1448; BU1449; BU1450; BU1452; BU1453; BU1454; BU1455; BU1456; BU1457; BU1458; BU1460; BU1461; BU1464;
BU1465; BU1466; BU1468; BU1469; BU1471; BU1472; BU1473; BU1474; BU1475; BU1476; BU1477; BU1478; BU1479; BU1481; BU1482;
BU1484; BU1485; BU1486; BU1487; BU1488; BU1489; BU1491; BU1493; BU1494; BU1495; BU1496; BU1497; BU1498; BU1499; BU1500;
BU1501; BU1502; BU1503; BU1504; BU1505; BU1507; BU1510; BU1515; BU1516; BU1517; BU1518; BU1524; BU1525; BU1526; BU1527;
BU1528; BU1529; BU1530; BU1532; BU1533; BU1534; BU1535; BU1536; BU1537; BU1538; BU1539; BU1545; BU1547; BU1548; BU1550;
BU1551; BU1555; BU1556; BU1557; BU1559; BU1562; BU1564; BU1565; BU1568; BU1569; BU1570; BU1571; BU1575; BU1576; BU1577;
BU1578; BU1580; BU1583; BU1592; BU1593; BU1594; BU1597; BU1598; BU1601; BU1602; BU1603; BU1607; BU1608; BU1609; BU1610;
BU1611; BU1613; BU1614; BU1615; BU1617; BU1618; BU1619; BU1620; BU1621; BU1623; BU1625; BU1626; BU1627; BU1628; BU1631;
BU1635; BU1639; BU1640; BU1641; BU1643; BU1644; BU1645; BU1646; BU1691; BU1705; BU1707; BU1708; BU1710; BU1714; BU1722;
BU1734; BU1735; BU1737; BU1738; BU1739; BU1741; BU1745; BU1746; BU1757; BU1857; BU1858; BU1862; BU1864; BU1867; BU1869;
BU1877; BU1880; BU1953; BU1980; BU1984; BU1987; BU1988; BU1989; BU1991; BU1999; BU2302; BU2305; BU2306; BU2307; BU2308;
BU2309; BU2310; BU2311; BU2313; BU2316; BU2317; BU2318; BU2321; BU2322; BU2326; BU2327; BU2330; BU2331; BU2333; BU2338;
BU2343; BU2344; BU2345; BU2350; BU2352; BU2354; BU2355; BU2356; BU2361; BU2362; BU2364; BU2377; BU2378; BU2379; BU2380;
BU2381; BU2382; BU2389; BU2390; BU2391; BU2392; BU2394; BU2395; BU2398; BU2400; BU2401; BU2402; BU2403; BU2404; BU2405;
BU2407; BU2409; BU2410; BU2411; BU2412; BU2413; BU2414; BU2415; BU2416; BU2417; BU2418; BU2419; BU2420; BU2421; BU2422;
BU2424; BU2425; BU2428; BU2429; BU2432; BU2433; BU2436; BU2438; BU2439; BU2440; BU2441; BU2442; BU2443; BU2444; BU2445;
BU2446; BU2447; BU2448; BU2449; BU2450; BU2451; BU2453; BU2455; BU2456; BU2458; Calandria N. Grayer; Calvin K. Curd; Cameron

**COMMISSIONER'S DESIGNEE**
**TENNESSEE DEPARTMENT OF LABOR & WORKFORCE DEVELOPMENT**
**220 FRENCH LANDING DRIVE**
**NASHVILLE, TN 37243-1002**
**ACKNOWLEDGMENT OF APPEAL**

(615)741-2736
FAX(615)741-0290

| Claimant | Employer |
|---|---|
| GLORIA A SESAY | DIRECT GENERAL INSURANCE |
| 504 WILSON DRIVE | ATTN: STEPHANIE HAYNES |
| MOUNT JULIET TN 37122-0000 | 1281 MURFREESBORO RD |
| | NASHVILLE TN 37217-0000 |

**SSN# XXX-XXX-1735**      **AVISO IMPORTANTE**      **Board# 11B1954AA**

This is to inform you that the claimant appealed the Appeals Tribunal Decision Number 1105578AA, dated 05/10/2011 to the Commissioner's Designee on 05/24/2011.

The Designee is appointed by the Commissioner to decide appeals from decisions of the Appeals Tribunal. It will review the record of the Appeals Tribunal hearing(s) on your case. It will make a decision, which it will mail to you as soon as possible.

Most cases are decided on the existing record. If additional evidence is offered, however, the Designee may set a hearing to receive that evidence before making a decision. **Do you wish to have another hearing to present additional evidence? ___yes ___no (check one).** If yes, use the back of this form or a separate sheet to describe the evidence. Give a specific description of the facts it will prove and state why it was not presented to the Appeals Tribunal. Return the form within (7) calendar days of the date of this notice to the Commissioner's Designee, Tennessee Department of Labor Workforce Development, 220 French Landing Dr., Nashville, TN 37243-1002. If the Designee sets a hearing, you will be notified of the date, time, and place for that Hearing. If additional evidence would not affect the Designee's decision, then the Designee will decide the case on the existing record without a hearing.

If a witness will not appear voluntarily, or if you do not possess the additional documents you wish to present, the Designee may require witnesses, papers, or objects to appear at a hearing by subpoena. If a subpoena is needed, please mail or fax the Designee a complete name and address for any witness, or custodian of a record or object, as soon as possible.

You may be represented by an attorney or other individual in this appeal. If you are a claimant, free or low-cost legal assistance may be available through your local Legal Services office or bar association.

The Designee's staff will answer questions about procedure. **Do not call to influence the Designee's decision. Make those statements in writing or in a hearing. If you send correspondence by fax, please do not send additional copies by mail. Please send the opposing party a copy of any correspondence that you send the Designee.**

## Este es un aviso importante relacionado con sus beneficios de desempleo.

CC:

Stephen Christopher
Legal Aid Society of Mid Tn
650 North Water Ave
Gallatin, TN 37066

**Date of mailing:** 05/26/2011

**tl:** 07/08/2011

_____
Signature of Person Returning Form

### AVISO IMPORTANTE

| | |
|---|---|
| DATE OF MAILING: 07/01/2010 | DOCKET # 10-11785AA |
| | OFFICE # 408 |
| | BYE 04/16/2011 |

| CLAIMANT | EMPLOYER |
|---|---|
| GLORIA A. SESAY | DIRECT GENERAL INSURANCE |
| 504 WILSON DRIVE | ATTN: PERSONNEL |
| MOUNT JULIET TN 37122 0000 | 1281 MURFREESBORO RD |
| | NASHVILLE TN 37217-0000 |

| | |
|---|---|
| SSN  XXX-XX-1735 | ER #  0000000 |
| 615-574-9771 | 615-399-0600 |

On April 21, 2010, the claimant filed an initial claim for unemployment benefits. On May 27, 2010, the Agency found that the claimant had been forced to leave her most recent work because she was sick or disabled. In accordance with TCA § 50-7-303(a)(1), the claimant was not eligible until she returned to the employer and offered to work as soon as she was able to work again and perform her former duties. On June 1, 2010, the claimant filed an appeal from the Agency Decision to the Appeals Tribunal. After due notice to all interested parties, a telephone hearing was scheduled on this case on Wednesday, June 30, 2010, at which time the claimant appeared and testified. Velda Krancer, Director of Human Resources, appeared and testified for the employer.

After carefully considering the testimony and the entire record in the case, the Appeals Tribunal makes the following:

FINDINGS OF FACT: The claimant's most recent employment prior to filing this claim was as treasury assistant for Direct General Insurance from September 27, 2004 until April 21, 2010. The claimant was forced to leave her most recent work due to a non-work related medical condition that was not shown to be work-related on her medical certificate. The medical certificate also shows that the claimant's medical condition necessitated leaving usual work beginning April 19, 2010. The claimant has not been released to return to her usual duties. The claimant had notified the vice president of her medical condition, but the claimant did not provide the employer with any medical documentation substantiating her condition.

CONCLUSIONS OF LAW: The Appeals Tribunal holds that the claimant is not eligible for benefits. The issue is whether the claimant has been separated from work because of an illness or injury, notified the employer of the circumstances surrounding such separation, and presented the employer with a medical release authorizing the claimant to resume her former duties as contemplated by TCA § 50-7-303(a)(1). A person forced to leave work due to sickness will be disqualified for benefits while she is unable to work. The claimant will not be disqualified for benefits once she becomes available and able for work again if she (1) presents competent medical proof that she was forced to leave work; (2) notifies the employer of that fact as soon as it is reasonably practical to do so; (3) returns to the employer and offers herself for work as soon as she is again able to work; and (4) is able to perform her former duties.

Here, the claimant left work due to an illness not work related. The claimant notified the vice president of

her medical condition, yet there is no indication the claimant provided any supporting medical documentation. It is also unclear why the claimant did not request time off under Family Medical Leave. Nevertheless, the claimant has not been released to resume working, and the medical certificate does not established whether or not she is or will be able to return to her usual duties. The claimant is not eligible for unemployment benefits. The claimant has failed to comply with provisions of the above-referenced statute and is not eligible for benefits.

**DECISION:** The Agency Decision is affirmed. The claimant is not eligible for unemployment benefits under TCA § 50-7-303(a)(1). The claim is denied as of April 21, 2010, and until the claimant qualifies for benefits in accordance with Tennessee Employment Security Law.

JS :jlc                                          /s/ Jacqueline Stephenson
                                                 Unemployment Appeals Hearing Officer

Pursuant to the provisions of TCA § 50-7-304(c), this decision will become final on 07/16/2010 unless any interested party makes a written appeal to the Board of Review, Tenn. Dept of Labor and Workforce Development, 220 French Landing Dr., Nashville, TN 37243-1002 (Fax (615) 741-0290).
If the last day for filing falls on a weekend or holiday, the deadline extends to the next business day.
Please include the claimant's Social Security number on all correspondence.
Claimant is responsible for certifying his/her eligibility on a weekly basis as long as he/she is unemployed.

### Este es un aviso importante relacionado con sus beneficios de desempleo.

LB-0952

## Gloria A. Sesay

**From:** Gloria A. Sesay
**Sent:** Wednesday, January 13, 2010 5:38 PM
**To:** Kim M. Jones
**Subject:** RE: Wells Fargo Logon

Thank you Kim., I do appreciate it.

Have a good evening.
Gloria

**From:** Kim M. Jones
**Sent:** Wednesday, January 13, 2010 5:37 PM
**To:** Gloria A. Sesay
**Subject:** Wells Fargo Logon

Gloria,

Your user ID for Wells Fargo is SESAYG. Your temporary password is Monday01.

Let me know if you have any questions.
Thanks

1

## Gloria A. Sesay

| | |
|---|---|
| **From:** | Gloria A. Sesay |
| **Sent:** | Thursday, September 24, 2009 5:08 PM |
| **To:** | Todd Hagely |
| **Subject:** | RE: Hostile Environment |

**Importance:** High

**Categories:** Red Category

Todd,

Thank you very much for taking the time to listen to plea. I am really grateful for your patience and understanding and continue to pray that things get better.

I am forwarding you this explanation because I had brought it up in the meeting. Yes, I was called by our Rep at Capital One Bank (225) 242-4158 and was very upset based on the telephone
call received from Kim and the way she has addressed her. She took insult to it, but I tried to calm her down and was wondering what brought about all this.

This would have never happened if they would have let me perform my duties. I did all the tax deposit tickets and there was no problem compared to the Links in terms of the number of accounts. Now we are having a dent on our Company's reputation because of these spiteful things. Thinking they're hurting Gloria but indirectly it is costing the company. In terms of paying for reprints, errors and delay in processing our deposits.

When these things happens, who do they call to rectify it? " The Stone that the Builder rejected"
I am called in to redo the work, the Clients/ Banks calls me to see what is going on. I now become a mediator even though I am being exterminated.

How did I found out about yesterday's rift on the phone between my Boss and the Bank. She never mentioned it to me and I never did ask but I was called upon as much as
I was gone to help in resolving the issue by clarifying what is it that we needed. (specifics)

DSM's communicates with me, the Agents and so on, but I do not come and question anyone but tries to calm things down.
I don't think it is the Banks fault if the job would have been channeled correctly.

I did not bring this up to Kim it is just coincidental that this happened today and she never mentioned it either. That is what happens when job functions are not channeled
correctly or clarified.

Gloria Sesay
Ext. 3639

---

**From:** Todd Hagely
**Sent:** Thursday, September 24, 2009 2:01 PM
**To:** Gloria A. Sesay
**Subject:** RE: Hostile Environment

sure

1

**Gloria A. Sesay**

| | |
|---|---|
| **To:** | Kim M. Jones |
| **Cc:** | Heather Ebersberger |
| **Subject:** | Response to Meeting Rescheduled as of 11/19/09 |

Dear Kim,

This is too ~~ret~~ *Reiterate* irate our meeting as of 11/17/09. I know for sure that I do not have a performance problem as I perform over and beyond my call of duty. But as you've stated

To me before that you will never recommend me for a job neither promote❙ me, I respect your corresponding actions to your sayings. You refused to put it in writing my questions to you regarding my job functions and productivity. I know the reason beyond that which is not to contradict your sayings and opinion about me.

My query is, when you called me in last week, it was not based on job performance rather that your usual vindictiveness of hearsay. Since this has been taken to HR, why not let them handle it for now based on the President's email. As stated before in person as well as in writing, there a❳e *is* an issue of "Trust, Respect and Fairness" these three are ❦ vitals in any relationship especially

in business

When this is resolved, we can continue with your suggestions but for now our problem is not that of job functions but of work ethic/relations. I am tired of been called into your office about what Jane, Peter and Harry said. People following me around even to the ladies room. I am not here to be baby sat rather than to make a living and this I do by ~~been~~ *being* productive.

I need my health (sanity). Too much hostility and I ~~want~~ *wont* to be able to serve my President and Company fully with all wholeness and is therefore entrusting my patience to them in resolving the issue.

Sincerely,

Gloria Sesay
(615)365-3639

FILED

A.M. ~~7:05~~ P.M.
BARBARA WEBB, CLERK & MASTER
CHANCERY COURT WILSON CO, TN

1

## Direct General Corp.

Effective 1/1/2011, Direct General Corp. has contracted with UnitedHealthcare to administer and track its employees' Family and Medical leaves in accordance with the Family Medical Leave Act (FMLA).

## Family and Medical Leaves (FML)

- Protects employee absences for:
  - Own serious health condition
  - Caring for spouse, child, same-sex domestic partners, or parent with serious health condition
  - Adoption or foster care placement of a child
  - Birth of a child
  - Care of a injured Service Member
  - Qualifying military Exigencies
- Eligibility after twelve months service and 1,250 hours worked in the preceding twelve months
- Employee and healthcare provider must complete certification form
- UnitedHealthcare receives paperwork and determines eligibility
- 12 weeks maximum eligibility per rolling 12 month period

## What's Changing?

- Modification of call-in procedures
- Outsourcing FMLA tracking and approval process
- Direct communication with employees
- Maintain employee privacy
- More frequent follow-up with employees
- Employee advocacy

## FMLA Employee Responsibilities

- Inform your supervisor when you need to be absent from work
- When leave is foreseeable, provide 30-days notice prior to leave
- Have your health care provider complete and sign the FMLA paperwork, and return it to UnitedHealthcare within 15 days
- Notification will be mailed to you regarding leave approval or denial to your home address
- Please refer to the FMLA policies to review specifics of Direct General's policies for family care and medical leave

## What Should I Do When I'm Able to Return to Work?

- When returning to work from FMLA absence for your own serious health condition, obtain medical provider's authorization to return to work
- Bring your completed return-to-work authorization form to your work authorization form to your supervisor
- Call 866-556-8298 to provide information on your return to plans

## FMLA Absence Reporting

- Notify your supervisor
- Call UnitedHealthcare 's toll-free number **1-866-556-8298** to request a leave of absence for Family and Medical Leave (with or without concurrent disability
- Call UnitedHealthcare or your Human Resource representative if you have questions about FMLA leaves

F I L E D

A.M. OCT 14 2011 P.M.
1:05
BARBARA WEBB, CLERK & MASTER
CHANCERY COURT WILSON CO, TN

TN Dept of Labor and Workforce
Employment Security Division
220 French Landing Drive
Nashville, TN 37243-1002
Attn: J. Stephenson

SS Number: 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                    Docket Number: 10-11785-AA
Claimant: Gloria A. Sesay                  Employer: Direct General Insurance
Company
 504 Wilson Drive                          1281 Murfreesboro Road
Mount Juliet, TN. 37122                    Nashville, TN 37217-0000
(615) 553-4711                             (615) 399-0600

Dear Sir/Madam,
Please find supporting documentation as to the said case set for telephone hearing on Thursday June 30th
2010 at 1:45pm Central Time.
Please note the in the telephone number from (615) 574-9771 to (615) 553-4711. The latter is a land line
which is preferable.

Also, I am submitting the following names as witnesses or asked that they be subpoenas as the are coworkers
who are presently employed with the company.

Marivuana Stout-Leinoff   -   She said she can be conferenced in you want to
1810 Shelby Avenue
Nashville, TN 37206
(615) 838-6664 Cell
(615) 228-4444 Home

Sherri Price
1416 Cleves Street
Old Hickory, TN 37138
(615) 513-7480 Cell
(615) 847-4884 Home

 Thank you very much for your understanding as I look for to talking with you.

Regards

Gloria Sesay

# Performance Appraisal Response as of 11/19/08

1. Based on the job description I applied for, I was never trained on all of them. The ones that I was trained on, I fully performed. (exhibit .1 – job ad)

2. As a new hire, I was assigned a trainer by the name of Bill Meek. Due to his health, he was out most of the time. When I would seek help from his back-up or others on the team, it was one excuse after another e.g. I do not know how he does this/that, I have never worked that desk before, I don't want to tell you wrong, why don't you wait till he gets back. I would have to figure things out on my own as there was no procedure manual. There and then I knew there was no team effort.

3. I went on a short term disability.

4. The day I came back, a new member of the team quit and was instructed to hand me all her work load.

5. Two weeks later Hurricane Katrina hit and this created a set back both with the banks and our systems.
   With all these issues at hand, I was expecting Kim to have called a team meeting to see where we stand and how we can pull together to work around these issues. She did her usual thing by listening to gossip and made a hasty decision.
   For the fact that I was new, I did not want to fight but believed that whatever area she puts me, based on my knowledge, skills and work experience, I will persevere and excel as usual and that is exactly so, even though Kim refused to see that. (exhibit. 2 – Carins & NSF's)

6. I was never trained on credit card matching. Based on Kim's accusation that I was not competent in processing deposit corrections, as late as August she asked me to resolve an issue (exhibit 111 – Trustmark) Also, if the people she so trusted, were more capable than I, there was an issue that I was working on when Kim took me off that desk, that case was never closed since December 2005 until this Summer when our client came back requesting her $40.00 credit. Who did Kim suggest or think is capable in the entire team to retrieve funds that far gone, no other but Gloria. (exhibit. 1V)
   The job that I was described as incompetent in doing, when a critical issue arises, I am the one always brought in as an expert in that field.
   All I see is envy, jealousy, vindictiveness which produces nothing but strife. Any manager that listens to gossip and acts on it is incompetent. A good manager should be aforethought.

7. Under work related skills, Kim at first gave me "Below Standard." When I questioned her, she told me she is basing it on the "Missing Deposit" as of 08/08. Todd in the presence of Linda Young told her to leave it a lone at a previous meeting. Is this not Coercive Power? (see excerpt - V)
   Why should I be penalized for doing my job? Where does company loyalty stands if Kim is so concerned about Chase, and where do ethics stand, for me to refer to another Employee been a thief. This is illegal and it is not my place.

8. I need better explanation about her stating that "I need to use more discretion in some of my correspondence" I want her to elaborate, has anyone ever complained about my written/ Oral communication? Has it affected the company's mission? Was Direct not aware of my national origin, is Kim questioning my educational background, level of education or the school I attend?

## Performance Appraisal Response as of 11/19/08

What big picture is she referring to? I will like an explanation, together with an example in order for me not to make the same mistake if there has been any.

9.  I am the only employee servicing all of Direct agencies, mobile, claims and corporate offices, setting up accounts, resolving issues with banks including other assignments and special projects. What does Kim mean by slow times?
    Even the District managers are broken down by having Regional managers. It is not wise for someone to show some appreciation or be conscientious in their dealings with others.

10. What is it about improving my access skills that has hindered or altered my job function? What is it that I have excelled in? What skills do Kim think I posses? This is the reason for me posing the following questions that she has refused to answer stating that she will not respond to them in writing.

    a)  What difference did my efforts make to the bottom line?
    b)  What did I do to contribute to excellent customer service?
    c)  Did my efforts make a dent toward furthering the Company's goals?
    d)  Did I take leadership role when the opportunity arose?
    e)  Do you want me to be your point of contact (liaison) between the Banks and the Agents as this is where they/we are having problems?
    f)  What will you do to help me do a better job?
    g)  Are there other people in the dept. who you believe can help me achieve these goals?

    Then I said this shows that you can put bad things in writing about me but nothing good in writing that was when she got up from her seat and made the statement

    **"I will never recommend you for any position"** for the fact that you were not submissive to me when I told you not to retrieve the funds from Chase and you continued on with it.

    **I want Kim to know that this is a treat and it is illegal.**

    No human being should be held down or kept from pursing her dreams. Not only is it in-humane, I am a US citizen, I have kids that are US citizens that I have to provide for.

    What I see is a Manager that does not want it to be known that someone has been negligent in performing their responsibilities and that someone that she has been discrediting step-up in doing that job, a month later after the funds has been missing and retrieved them. I think she is embarrassed based on what she's have been communicating about me being incompetent, and also claiming that the agent did not have a Validated Receipts and so on when there has been one all along.

11. Based on my time, I am always here, I stay late to complete my work orders that comes in late from DM's, Trainers, Agents and so forth. I do not carry my work over as they are time sensitive. I reconcile all my accounts, retrieve all request all credits from banks errors on our NSF's.

## Performance Appraisal Response as of 11/19/08

I have to do thus as some of my colleagues that has second jobs or that has special assignments can come in on weekends, with me it is not so. So much has been done to me to get discouraged or frustrated but I have stock it out because I care about Direct General Corp. Also, with all that I am going through working in such a hostile environment, it makes it difficult to come in. You're never appreciated, always reprimanded; do not know what is going on in the team. It is very frustrating. In order for me to function well, by maintaining my sanity, I choose to work around the hostility.

12. Kim stated that I need to document instructions regarding my duties, I have been requesting we write up a procedure manual since I started this job, I even included that in my response to the company survey. When it comes to documentation, I am number one. Every job that I perform is documented and I have a folder for each one.

Kim is not aware of my documentation because she chooses to ignore my communications to her by not returning my phone calls, read or respond to my emails.

I know for sure that I do not run into Kim's office because I am competent in my job functions and do not have time to gossip.

13. Kim states under results that I need more training on "Bank Account Maintenance" I have never been trained on that aspect, neither have I been asked to do it. This is the reason I asked Kim the seven questions on my self assessment that she told she me will not respond to in writing neither will she give me a copy if she of what she has drafted. I think this will help for me to know where I stand instead of constant criticisms for four years. I asked her, if I am not performing my duties, why am I still here, and she responded, I should have let you go along time ago. I said OK, you done that in actions; it's just that you are now putting it in words.

To prove that I am submissive, when she asked me to explain "What I mean by the Treasury Team is not team oriented," I did respond in writing to show that I am honest and do have the company at heart. Who then is usurping power?

14. I asked Kim why I was excluded from the team meeting she held on the October 12, 2008

15. About 10:30 or 11:00am, she responded I do not remember but never denied it. (sunshine law)

# <u>Performance Appraisal Response as of 11/19/08</u>

| COMPLETED BY | DATE |
|---|---|
| *(signature)* | 11/19/08 |
| EMPLOYEE ACKNOWLEDGEMENT | DATE |
| *(signature)* | 12/01/08 |

Me Signing this review doesnot mean that I acknowledge /agreed to what him has stated about me.

I attaching my response as of 12/1/08.

total of 36pps Submitted
G8.

FILED
A.M. _ 1 4 2011 P.M.
1:05
BARBARA WEBB, CLERK & MASTER
CHANCERY COURT WILSON CO, TN

4

| | |
|---|---|
| **From:** | boydtatl@wellsfargo.com |
| **Sent:** | Wednesday, January 13, 2010 3:36 PM |
| **To:** | Kim M. Jones |
| **Cc:** | Gloria A. Sesay |
| **Subject:** | RE: Requesting 12/09 Statements- Direct General Insurance |
| **Attachments:** | Statement 4.pdf; Statement 1.pdf; Statement 2.pdf; Statement 3.pdf |

**Importance:** High

Hi Kim,
Please add Gloria as a user on CEO to view statements. She has to request them from me monthly and this can become costly. When statements are requested the charges is normally 10.00 per statement. I have been waiving this for Gloria but can not continue to do so. Please feel free to call me with question or for assistance.


Gloria- See requested statements attached.


Thank you,


Tanya Boyd
Sr. Commercial Relationship Associate, CRE
Ph:  415-394-4480
Fax: 415-956-7238
Email: boydtatl@wellsfargo.com




---
**From:** Gloria A. Sesay [mailto:Gloria.Sesay@directgeneral.com]
**Sent:** Wednesday, January 13, 2010 12:30 PM
**To:** Boyd, Tanya L.
**Subject:** RE: Requesting 12/09 Statements- Direct General Insurance

Can you please work me through?

---
**From:** boydtatl@wellsfargo.com [mailto:boydtatl@wellsfargo.com]
**Sent:** Wednesday, January 13, 2010 2:28 PM
**To:** Gloria A. Sesay
**Subject:** RE: Requesting 12/09 Statements- Direct General Insurance

Hi Gloria,
I show that the accounts are all set up on CEO statements and Notices. Is there a reason why you are unable to pull them?

Tanya

---
**From:** Gloria A. Sesay [mailto:Gloria.Sesay@directgeneral.com]
**Sent:** Wednesday, January 13, 2010 12:25 PM
**To:** Boyd, Tanya L.
**Subject:** Requesting 12/09 Statements- Direct General Insurance

1

 

| Home ▼ |          You last logged in on: 11/21/2008 10:09A

## Accrual Listing - Paid Time Off for Gloria Sesay ▣

**Operations:** Refresh Listing

List for Period: 01/01/2008 to 11/22/2008

| Date | Day | Event | Amount | Balance |
|------|-----|-------|--------|---------|
| 11/22/2008 | Sat | Import Reset | -29.92 | -29.92 |
| 11/21/2008 | Fri | Timecard Entry | -8.00 | -29.92 |
| 11/08/2008 | Sat | Import Reset | -21.92 | -21.92 |
| 10/25/2008 | Sat | Import Reset | -31.92 | -31.92 |
| 10/11/2008 | Sat | Import Reset | -31.92 | -31.92 |
| 09/27/2008 | Sat | Import Reset | -31.92 | -31.92 |
| 09/13/2008 | Sat | Import Reset | -41.92 | -41.92 |
| 08/30/2008 | Sat | Import Reset | -41.92 | -41.92 |
| 08/02/2008 | Sat | Import Reset | -51.25 | -51.25 |
| 07/18/2008 | Fri | Timecard Entry | -8.00 | -60.58 |
| 07/05/2008 | Sat | Import Reset | -52.58 | -52.58 |
| 07/03/2008 | Thu | Timecard Entry | -8.00 | -61.93 |
| 07/02/2008 | Wed | Timecard Entry | -8.00 | -53.93 |
| 07/01/2008 | Tue | Timecard Entry | -8.00 | -45.93 |
| 06/30/2008 | Mon | Timecard Entry | -8.00 | -37.93 |
| 06/27/2008 | Fri | Timecard Entry | -8.00 | -29.93 |
| 06/26/2008 | Thu | Timecard Entry | -8.00 | -21.93 |
| 06/21/2008 | Sat | Import Reset | -13.93 | -13.93 |
| 06/16/2008 | Mon | Timecard Entry | -8.00 | -13.93 |
| 06/07/2008 | Sat | Import Reset | -5.93 | -5.93 |
| 05/24/2008 | Sat | Import Reset | -15.27 | -15.27 |
| 05/19/2008 | Mon | Timecard Entry | -8.00 | -15.27 |
| 05/10/2008 | Sat | Import Reset | -7.27 | -7.27 |
|  |  | Timecard |  |  |

*(Handwritten annotations:)*

11.667 - 15 months - 1.1667 per month. First 3 yrs
25 - 2 months 1.25 per month for years
14.167

20 hours.

3 - 14 days
4 - 15 days

12
16

- 10 days -

120.

13.5

.5

| | | | | |
|---|---|---|---|---|
| 05/09/2008 | Fri | Entry | -4.00 | -7.27 |
| 04/26/2008 | Sat | Import Reset | -3.27 | -3.27 |
| 04/12/2008 | Sat | Import Reset | -12.62 | -12.62 |
| 03/31/2008 | Mon | Timecard Entry | -8.00 | -12.62 |
| 03/29/2008 | Sat | Import Reset | -4.62 | -4.62 |
| 03/21/2008 | Fri | Timecard Entry | -8.00 | -13.95 |
| 03/20/2008 | Thu | Timecard Entry | -8.00 | -5.95 |
| 03/15/2008 | Sat | Import Reset | 2.05 | 2.05 |
| 03/01/2008 | Sat | Import Reset | 2.05 | 2.05 |
| 02/16/2008 | Sat | Import Reset | -7.28 | -7.28 |
| 02/02/2008 | Sat | Import Reset | -7.28 | -7.28 |
| 01/19/2008 | Sat | Import Reset | -16.63 | -16.63 |
| 01/05/2008 | Sat | Import Reset | -42.60 | -42.60 |

135

**Operations:** Refresh Listing

©1994-2008 Ceridian Corporation. All Rights Reserved



## TENNESSEE DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT
### 220 FRENCH LANDING DRIVE
### NASHVILLE, TENNESSEE 37243-1002
## WAGE TRANSCRIPTION AND INITIAL DETERMINATION

THIS IS YOUR MONETARY DETERMINATION. YOU COULD BE INELIGIBLE FOR BENEFITS DUE TO OTHER REASONS.

| DATE DETERMINED | LOCAL OFFICE | WEEKLY RETIR. DEDUCT | PROGRAM CODE | SOCIAL SECURITY ACCOUNT NUMBER |
|---|---|---|---|---|
| 05/12/11 | 0408 | 000 | 1 | XXX-XX-1735 |

GLORIA A SESAY
504 WILSON DRIVE
MOUNT JULIET, TN 37122-2812

| DATE FILED | BASE PERIOD | | DATE BENEFIT YEAR ENDS |
|---|---|---|---|
| | FROM MO. DAY YR. | TO MO. DAY YR. | MO. DAY YR. |
| 05/12/11 | 01/01/10 | 12/31/10 | 05/05/12 |

YOU MAY EARN UP TO $50.00 WITHOUT REDUCING YOUR WEEKLY BENEFIT AMT OF $190.
YOU WILL RECEIVE DEPENDENT ALLOWANCE OF $15.

| QUARTERLY BASE PERIOD WAGES | | | | TOTAL BASE PERIOD WAGES PAID BY EACH EMPLOYER | EMPLOYER'S NAME | EMPLOYER' NUMBER |
|---|---|---|---|---|---|---|
| 1/2010 | 2/2010 | 3/2010 | 4/2010 | | | |
| 6792.88 | 3125.89 | | | 9918.77 | DIRECT ADMINISTRATION INC | 0418 066 |

| QUARTERLY TOTALS | | | | BASE PERIOD TOTALS | MAX. BEN. AMOUNT | WEEKLY AMOUNT | WEEKS ELIG. | | 1 |
|---|---|---|---|---|---|---|---|---|---|
| 6792.88 | 3125.89 | | | 9918.77 | 2479.00 | 190 | 14 | TENN. UNEMPLOYMENT COMPENSATION | |
| | | | | | | | | COMBINED - OTHER STATE(S) | |
| | | | | | | | | U.C. FEDERAL EMPLOYEES | |
| | | | | | | | | U.C. EXSERVICEPERSON | |

REASON YOU ARE NOT ELIGIBLE FOR MONETARY BENEFITS

☐ NO WAGE CREDITS   ☐ INSUFFICIENT WAGE CREDITS

INFORMATION CONTAINED IN YOUR UNEMPLOYMENT INSURANCE CLAIM FILE MAY BE RELEASED TO OTHER GOVERNMENT AGENCIES, AS REQUIRED BY LAW.

000322

**IMPORTANT**  IF THE WAGES SHOWN ON THIS TRANSCRIPT ARE NOT YOUR CORRECT BASE PERIOD WAGES OR IF YOU HAVE QUESTIONS, CONTACT THE LOCAL LABOR AND WORKFORCE DEVELOPMENT OFFICE. (SEE REVERSE SIDE FOR WAGE PROTEST.)

**WARNING**  BE SURE YOU REPORT ALL OF YOUR EARNINGS FOR EACH WEEK YOU CLAIM BENEFITS. SEVERE PENALTIES ARE PROVIDED FOR MAKING FALSE STATEMENTS OR FAILURE TO DISCLOSE MATERIAL FACTS TO OBTAIN OR INCREASE BENEFITS.

P0081

LB-0485 (Rev. 07-10)

CLAIMANT'S COPY

RDA N/A



# TENNESSEE DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT
## 220 FRENCH LANDING DRIVE
## NASHVILLE, TENNESSEE 37243-1002
## WAGE TRANSCRIPTION AND INITIAL DETERMINATION

THIS IS YOUR MONETARY DETERMINATION. YOU COULD BE INELIGIBLE FOR BENEFITS DUE TO OTHER REASONS.

GLORIA A SESAY
504 WILSON DRIVE
MOUNT JULIET, TN 37122-2812
lulldadudladaldddadlalloodaldllladlaldd

| DATE DETERMINED | LOCAL OFFICE | WEEKLY RETIR. DEDUCT | PROGRAM CODE | SOCIAL SECURITY ACCOUNT NUMBER |
|---|---|---|---|---|
| 04/21/10 | 0408 | 000 | 1 | XXX-XX-1735 |

| DATE FILED | BASE PERIOD | | DATE BENEFIT YEAR ENDS |
|---|---|---|---|
| | FROM MO. DAY YR. | TO MO. DAY YR. | MO. DAY YR. |
| 04/21/10 | 01/01/09 | 12/31/09 | 04/16/11 |

YOU MAY EARN UP TO $68.75 WITHOUT REDUCING YOUR WEEKLY BENEFIT AMT OF $275.

| QUARTERLY BASE PERIOD WAGES | | | | TOTAL BASE PERIOD WAGES PAID BY EACH EMPLOYER | EMPLOYER'S NAME | EMPLOYER' NUMBER |
|---|---|---|---|---|---|---|
| 1/2009 | 2/2009 | 3/2009 | 4/2009 | | | |
| 7373.01 | 7835.16 | 7156.33 | 8629.43 | 30993.93 | DIRECT ADMINISTRATION INC | 0418 066 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| QUARTERLY TOTALS | | | | BASE PERIOD TOTALS | MAX. BEN. AMOUNT | WEEKLY AMOUNT | WEEKS ELIG. | | 1 |
|---|---|---|---|---|---|---|---|---|---|
| 7373.01 | 7835.16 | 7156.33 | 8629.43 | 30993.93 | 7150.00 | 275 | 26 | TENN. UNEMPLOYMENT COMPENSATION | |
| | | | | | | | | COMBINED - OTHER STATE(S) | |
| | | | | | | | | U.C. FEDERAL EMPLOYEES | |
| | | | | | | | | U.C. EXSERVICEPERSON | |

REASON YOU ARE NOT ELIGIBLE FOR MONETARY BENEFITS

[ ] NO WAGE CREDITS    [ ] INSUFFICIENT WAGE CREDITS

INFORMATION CONTAINED IN YOUR UNEMPLOYMENT INSURANCE CLAIM FILE MAY BE RELEASED TO OTHER GOVERNMENT AGENCIES, AS REQUIRED BY LAW.

000304

**IMPORTANT**   IF THE WAGES SHOWN ON THIS TRANSCRIPT ARE NOT YOUR CORRECT BASE PERIOD WAGES OR IF YOU HAVE QUESTIONS, CONTACT THE LOCAL LABOR AND WORKFORCE DEVELOPMENT OFFICE. (SEE REVERSE SIDE FOR WAGE PROTEST.)

**WARNING**   BE SURE YOU REPORT ALL OF YOUR EARNINGS FOR EACH WEEK YOU CLAIM BENEFITS.
SEVERE PENALTIES ARE PROVIDED FOR MAKING FALSE STATEMENTS OR FAILURE TO DISCLOSE MATERIAL FACTS TO OBTAIN OR INCREASE BENEFITS.

3P0081

# BOARD OF REVIEW
## Tennessee Department of Labor and Workforce Development
## AVISO IMPORTANTE
### Decision

### 10B3764BA

| CLAIMANT | EMPLOYER |
|---|---|
| GLORIA A SESAY | DIRECT GENERAL INSURANCE |
| 504 WILSON DRIVE | ATTN: PERSONNEL |
| MOUNT JULIET TN 37122-0000 | 1281 MURFREESBORO RD |
| | NASHVILLE TN 37217-0000 |

**SS #** XXX-XX-1735

**Date of Mailing:** December 07, 2010

**ER #** 0000000

**BYE** 04/16/2011 **LO # 408**

**HISTORY OF THE CLAIM:** This matter came before the Board of Review based upon a petition to rehear or reconsider filed by the claimant on November 16, 2010. No hearing was scheduled for the Board of Review. Based upon the entire record in this matter, the Board of Review makes the following:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW:** This case comes before the Board of Review on a medical exception issue. Both claimant and employer have held throughout that this was a discharge. The employer discharged the claimant for excessive absenteeism. The claimant has provided 2 doctor's statements that indicate she was under medical treatment and unable to work when she filed her claim. However, under these circumstances that is an issue of whether she was able and available for work.

**DECISION:** The petition to reconsider is granted. It is recommended that this case be remanded to the Agency for a decision on the discharge. If the claim is approved on that issue, the Agency must then determine if and when the claimant was able and available for work. If the claimant is now released to perform her former duties, she may be eligible to reopen her claim.

BOARD OF REVIEW

/s/May Lavender

/s/Teresa McCadams

LM:ch/JS

By law [TCA § 50-7-304(h)], this decision will become final in ten (10) days from the date of mailing or on 12/17/2010.

Before this decision becomes final, you may file a Petition to Rehear. If your Petition is mailed, the date of filing will be the postmark date. It should be mailed to Board of Review, TN Dept of Labor and Workforce Development, 220 French Landing Dr., Nashville, TN 37243-1002 (Fax (615) 741-0290). Your Petition to Rehear should explain why you want the claim reheard, including a description of any new or additional evidence you wish to offer.

**The Board will consider only one Petition to Rehear by a party.**

Once the Board's decision becomes final, you have thirty (30) days to file for judicial review of this decision [TCA § 50-7-304(i)]. You may file a Petition for Judicial Review in the Chancery Court of the county where you reside. If you reside outside the State of Tennessee, the Petition may be filed in Davidson County, Tennessee.

*The Petition must be filed against the Commissioner of Labor & Workforce Development and the opposing party. The Petition for Judicial Review must be filed on or before 01/16/2011.*

If the last day for filing falls on a weekend or holiday, the deadline extends to the next business day.

Eligibility depends upon filing weekly certifications, even during an appeal.

**Este es un aviso importante relacionado con sus beneficios de desempleo.**

**Interested Parties:**
LEGAL AID SOCIETY
ATTN: STEVEN CHRISTOPH
650 NORTH WATER ST
GALLATIN, TN 37066

cc: Claimant
    Employer



**U.S. Equal Employment Opportunity Commission**
**Memphis District Office**

1407 Union Avenue
Suite 901
Memphis, TN 38104
(901) 544-0119
(901) 544-0112 TTY
(901) 544-0111 FAX

May 24, 2012

Gloria A. Sesay
504 Wilson Drive
Mount Juliet, TN 37122

Re:     FOIA No.: 4902012161495
        Gloria A. Sesay v. Direct General Insurance Company
        Charge No. 494-2010-01401

Dear Ms. Sesay:

Your request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, received by the Memphis District Office on May 21, 2012 is assigned the above FOIA number.  It will be processed by Rose Wheeler who can be reached at (901) 544-0135.

EEOC will issue a determination on your request on or before June 19, 2012.  FOIA and EEOC regulations provide 20 working days to issue a determination on a request, not including Saturdays, Sundays and federal holidays.  In unusual circumstances, EEOC may extend the 20 working days by 10 additional working days or stop processing your request until you respond to our request for fee or clarifying information.  Should EEOC take an extension or stop processing your request, notice will be issued prior to the expiration of the 20 working days.

You may contact the Requester Service Center for status updates on your FOIA request or for FOIA information by telephone to (202) 663-4500, by fax to (202) 663-4679, by e-mail to FOIA@eeoc.gov, or by mail to the EEOC, Requester Service Center, 131 M Street NE, Suite 5NW02E, Washington, DC 20507.  Additionally, if you submitted your FOIA request on line, you may monitor its status at https://egov.eeoc.gov/foia/.

Cordially,

*Audrey Conner, for*

Katharine W. Kores
District Director
(901) 544-0151