# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| GLORIA ABIODUN SESAY, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 3:12-cv-00585 |
| v. ) | Judge Trauger / Knowles |
| ) | |
| DIRECT GENERAL INSURANCE CO., ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon Defendant's Motion for Summary Judgment. Docket No. 25. Along with that Motion, Defendant has contemporaneously filed a supporting Memorandum of Law, a Statement of Undisputed Material Facts, and the Affidavit of Kim Jones ("Jones Aff."). Docket Nos. 26-28.

Plaintiff has not filed a response to Defendant's Motion or Statement of Undisputed Material Facts.

Plaintiff filed this pro se, in forma pauperis action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq*., alleging that Defendant discriminated against her on account of her race, color, sex, national origin, "age and disability + equal pay." Docket No. 1. Plaintiff contends that, because of the aforementioned, Defendant failed to promote her, retaliated against her for having filed a Charge of Discrimination, and terminated her

1

employment. *Id*. Specifically, Plaintiff asserts that she had been out on FMLA to care for her mother, but that when she returned from leave, Defendant was withholding work from her. *Id*. She states that she filed a complaint on April 17, 2010 on the employee hotline, and that her blood pressure was "very high" over the weekend, such that she called in sick on April 19, 2010. *Id*. Plaintiff avers that she was "let go" the following day, April 20, 2010, and that her work was given to "temp" Sabrina Overby. *Id*. Plaintiff states that she filed her EEOC charges on or about the same day, and that she received her Right to Sue Notice on March 23, 2012. *Id*. Plaintiff avers that Defendant may still be committing discriminatory acts, and she seeks reinstatement, or promotion, or other equitable or injunctive relief as the Court deems proper, as well as back pay with interest, and compensatory and punitive damages. *Id*.

Defendant filed the instant Motion and supporting materials on March 8, 2013. Docket Nos. 25-28. Defendant maintains that it is entitled to summary judgment because there are no genuine factual issues and because it had legitimate, non-discriminatory reasons for Plaintiff's termination; namely, Plaintiff's "chronic tardiness," "willful disregard of [Defendant's] company policies," and violation of company policies. Docket No. 26, p. 4-5. Defendant states that it repeatedly counseled Plaintiff regarding the unacceptability of her actions, and that the "action plan" given to her at her performance review stated as follows:

> Working hours are to be upheld. You are to be at your desk during your assigned schedule, 9am-6pm, with a one-hour lunch. Failure to make immediate and sustained improvements in the above-stated items, as listed under facts, will result in further disciplinary actions, up to and including termination.

*Id*., *citing* Jones Aff., para. 14.

In addition to arguing that it had legitimate, non-discriminatory reasons for terminating Plaintiff's employment, Defendant argues that: (1) it did not discriminate against Plaintiff in any way; (2) it was unaware that Plaintiff had a disability or health issue until after her termination; (3) it was unaware of any complaint filed by Plaintiff; (4) it has no record of any complaint filed by Plaintiff on its employee hotline; (5) it took no retaliatory action against Plaintiff; and (6) Plaintiff was not replaced by Sabrina Overby. *Id*., p. 5. Defendant contends that it is entitled to a judgment as a matter of law because Plaintiff's allegations are conclusory and because she cannot satisfy the requisite elements of her *prima facie* case of discrimination. *Id*., p. 6.

For the reasons discussed below, the undersigned recommends that Defendant's Motion for Summary Judgment be GRANTED.

## **II. Undisputed Facts**[1]

Defendant hired Plaintiff on September 27, 2004. Jones Aff., para 3.[2] Plaintiff was subsequently promoted to Treasurer Assistant II, and reported directly to Kim Jones. *Id*.

Plaintiff worked at Defendant's Nashville headquarters. *Id*., para. 5. The hours for employees at this office were 8:00am - 5:00pm. *Id*. Individual employees were permitted, however, to somewhat adjust their schedules ("flextime") provided that they received manager approval. *Id*. Flextime was a privilege that Defendant could revoke at a manager's discretion. *Id*. Plaintiff requested to work from 9:00am-6:00pm because she was having difficulty getting to work at 8:00am. *Id*., para. 6. Plaintiff's supervisor agreed to let her work this modified schedule.

---

[1] The following facts are in a form required by Fed. R. Civ. P. 56, and are undisputed.

[2] Kim Jones was, at all times relevant to the case at bar, Defendant's Assistant Treasurer and Plaintiff's immediate supervisor. Jones Aff., para. 2.

*Id*.

Despite her modified schedule, Plaintiff had difficulty getting to work on time. *Id*. Beginning in 2008, Plaintiff was regularly late to work (at times, even forty-five minutes or more late). *Id*., para. 7. In an attempt to correct the issue, Ms. Jones and other managers counseled Plaintiff about the problem. *Id.* In 2009, Defendant developed an action plan to combat Plaintiff's chronic lateness. *Id*., para. 8. Despite this, and repeated warnings, Plaintiff continued to violate Defendant's attendance policy. *Id*.

Ms. Jones, along with Human Resources representatives Linda Young and Velda Krancer, met with Plaintiff on several occasions and attempted to work with her to address her tardiness. *Id*., para. 12. Plaintiff's tardiness was chronic, and she was over thirty minutes late on several occasions. *Id*. In fact, Plaintiff was late to work the entire week of January 4, 2010 (despite being out of the office on holiday on Friday, January 1, 2010). *Id*. Plaintiff was forty-four minutes late on January 4, thirty-eight minutes late on January 5, thirteen minutes late on January 6, thirty-two minutes late on January 7, and sixty-seven minutes late on January 8. *Id*., para. 13. Plaintiff began and ended the following week late as well (January 11 and 15). *Id*. On January 14, Plaintiff arrived at 12:38pm, more than three and one-half hours late. *Id*. On January 19, Plaintiff was forty-eight minutes late. *Id*., para. 14.

Plaintiff underwent a Job Performance review on January 19, 2010. *Id*. Although there were numerous issues discussed, Plaintiff's Action Plan, in its entirety, consisted of the following:

> Working hours are to be upheld. You are to be at your desk during your assigned schedule, 9am-6pm, with a one-hour lunch. Failure to make immediate and sustained improvements in the above-

> stated items, as listed under facts, will result in further disciplinary actions, up to and including termination.

*Id*.

Despite this warning, Plaintiff continued to be late to work. *Id*., para. 15. Pursuant to company policy, Ms. Jones had the option to revoke Plaintiff's flextime schedule. *Id*., para. 9.

In early November 2009, Plaintiff met with Anita Clark, Defendant's Benefit Specialist who administers FMLA. *Id*., para. 10. Plaintiff informed Ms. Clark that her mother had a serious health condition, at which time, Ms. Clark informed Plaintiff of her FMLA rights and responsibilities. *Id*. Ms. Clark provided Plaintiff with the FMLA documents that needed to be completed and the request forms to put Plaintiff's manager on notice. *Id*. Ms. Clark also informed Plaintiff that once she had the documents completed, she should forward them to her, and she would then tell Plaintiff whether Defendant had approved or denied her leave. *Id*. Ms. Clark further informed Plaintiff of the time within which the FMLA paperwork should be returned. *Id*. Plaintiff completed and returned the FMLA paperwork and indicated that she needed the leave to "care for my spouse, child or parent with a serious health condition." *Id*. Plaintiff only requested FMLA for her Mother's illness. *Id*., para. 11. At no time did Plaintiff inform Defendant that she has a serious medical condition of her own, or that she was requesting FMLA for her own serious medical condition. *Id*.

Defendant approved Plaintiff's FMLA for February 4, 2010 through February 22, 2010. *Id.* During the time that Plaintiff was on leave, Plaintiff was unable to access and/or use Defendant's computers and property. *Id*. Plaintiff returned to work on February 22, 2010, and her ability to access Defendant's computers and property was restored. *Id*. Upon her return to work,

Defendants did not preclude Plaintiff from accessing the computers. *Id*.

On April 20, 2010, Plaintiff's managers and HR personnel re-reviewed Plaintiff's time records. *Id*., para. 15. During the three months that had elapsed since the January 19, 2010 performance review, Plaintiff had worked approximately forty-nine days (after subtracting PTO and leave days). *Id*. Over those forty-nine days, Plaintiff was late by at least five minutes thirty-one times without notice or approval. *Id*. Of those thirty-one tardies, thirteen instances were in excess of fifteen minutes late. *Id.* HR and Plaintiff's managers collectively decided, pursuant to company policy and the clear direction and feedback given to Plaintiff, to terminate her employment. *Id*.

Defendant terminated Plaintiff for violating its policies. *Id*., para. 16. Despite numerous warnings and attempts to help Plaintiff reduce her tardiness, Plaintiff continued to violate Defendant's policies. *Id*. Defendant did not terminate Plaintiff because of her race, age, color, sex, or national origin. *Id*., para. 17. Defendant did not take any action against Plaintiff against Plaintiff due to her disability, as Defendant was not even aware that Plaintiff had a disability or health issue at the time she was terminated. *Id*.

At all times relevant to the case at bar, Defendant had a company policy that stated: "Any form of harassment on the basis of race, color, religion, national origin, sex, age, or disability will not be tolerated in the workplace." *Id*., para. 4.

Ms. Jones was not aware of any complaints Plaintiff allegedly filed on April 17, 2010. *Id*., para. 18. Additionally, Defendant has no record of any complaint filed by Plaintiff on the employee hotline on April 17, 2010. *Id*. Defendant did not take any retaliatory actions against Plaintiff at any time. *Id*.

Plaintiff was not replaced by Ms. Sabrina Overby, who was a Caucasian female. *Id*., para. 19.

### III. Analysis

#### A. Local Rules 7.01(b) and 56.01(c) and (g)

Local Rule 7.01(b) states, in pertinent part:

> Each party opposing a motion shall serve and file a response, memorandum, affidavits, and other responsive material not later than fourteen (14) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty-one (21) days after the service of the motion, unless otherwise ordered by the Court. Failure to file a timely response shall indicate that there is no opposition to the motion.

Defendant filed the pending Motion on March 8, 2103. Docket No. 25. Plaintiff has failed to respond to Defendant's Motion.

Additionally, with respect to Motions for Summary Judgment specifically, Local Rules 56.01(c) and (g) state, in pertinent part:

> c. Any party opposing the motion for summary judgment must respond to each fact set forth by the movant ...
>
> . . .
>
> g. Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Plaintiff has failed to respond to Defendant's Statement of Undisputed Material Facts. Pursuant to Local Rule 56.01(g), Plaintiff's failure to respond indicates "that the asserted facts

7

are not disputed for the purposes of summary judgment." Accordingly, there are no genuine issues as to any material fact and all that remains to be determined is whether Defendant is entitled to a judgment as a matter of law.

**B. Motion for Summary Judgment**

It would be inappropriate to grant Defendant's Motion solely on the ground that Plaintiff has failed to respond. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden ... The federal rules require that the party filing a Motion for Summary Judgment "always bears the burden of demonstrating the absence of a genuine issue as to a material fact."

*Id.* (citations omitted). The Court will, therefore, consider whether Defendant has met its burdens under the appropriate summary judgment standards discussed below.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for Summary Judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential

8

element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

## C. 42 U.S.C. § 2000e *et seq.* ("Title VII")

Plaintiff alleges that Defendant discriminated against her on account of her race, color, sex, national origin, "age and disability + equal pay," and that because of the aforementioned, Defendant failed to promote her, retaliated against her for having filed a Charge of Discrimination, and terminated her employment. *See* Docket No. 1.

### 1. Generally

Title VII of the Civil Rights Act of 1964 ("Title VII") protects employees from discrimination on the basis of an individual's race, color, religion, sex, or national origin, and provides, in part:

> It shall be an unlawful employment practice for an employer--
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2.

Federal courts do not have jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC charge or the claim can reasonably be expected to grow out of the EEOC charge. *Abeita v. TransAmerica Mailings, Inc.*, 159 F.3d 246, 254 (6th Cir. 1998) (*citing Ang v. Procter & Gamble Co.,* 932 F.2d 540, 544-45 (6th Cir. 1991)). Thus, as a prerequisite to bringing a Title VII discrimination claim in federal court, a claimant is required to file a charge of discrimination or retaliation with the EEOC and is precluded from seeking judicial review until the Commission has made a final disposition of his claim. 42 U.S.C. § 2000e-5. *See also, United Air Lines, Inc. v. Evans*, 431 U.S. 553, 554, 97 S. Ct. 1885, 1887, 52 L. Ed. 2d 571 (1977). The wording of the allegations in the EEOC charge does not, however, have to be exact or all-encompassing; rather, the court may consider allegations not explicitly stated in the EEOC charge if those allegations could reasonably be expected to grow out of the

charge of discrimination. *Tipler v E. I. du Pont de Nemours & Co.*, 433 F.2d 125, 131 (6th Cir. 1971) (*citing Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 465-66 (5th Cir. 1970)*; King v. Georgia Power Co.*, 295 F.Supp. 943 (N.D. Ga. 1968)).

In order to establish a prima facie case of discrimination in violation of Title VII, a plaintiff must prove that,

> 1) she is a member of a protected class;
>
> 2) she was qualified for his job and performed it satisfactorily;
>
> 3) despite her qualifications and performance, she suffered an adverse employment action;[3] and
>
> 4) that she was replaced by a person outside the protected class or was treated less favorably than a similarly situated individual outside his protected class.

*Johnson v. University of Cincinnati*, 215 F.3d 561, 572-73 (6th Cir. 2000) (*citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). (Footnote added.)

A plaintiff may establish a claim of discrimination under Title VII either by introducing direct evidence of discrimination, or by proving circumstantial evidence that would support an inference of discrimination. *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 572 (6th Cir. 2000), *citing Kline v. Tennessee Valley Auth.*, 128 F.3d 337, 348 (6th Cir.1997). "The direct evidence and the circumstantial evidence paths are mutually exclusive; a plaintiff need only prove one or

---

[3] An adverse employment action is one that causes a materially adverse change in a term of employment, such as significantly diminished responsibilities, termination, a demotion evidenced by a decrease in wage or salary, a less distinguished title, or a material loss of benefits. *See Kocsis v. Multi-Care Mgmt.*, 97 F.3d 876, 885-86 (6th Cir. 1996).

the other, not both." *Id.*

If the plaintiff lacks direct evidence of discrimination, the circumstantial evidence approach is used and the *McDonnell Douglas-Burdine* tripartite test is employed. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), as later clarified by *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981). The *McDonnell Douglas-Burdine* tripartite test requires the plaintiff to first establish a prima facie case of discrimination. *Id.* If the plaintiff is able to do so, a mandatory presumption of discrimination is created and the burden of production shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employee's rejection. *Id.* If the defendant does so, the plaintiff must then show that the proffered reason was actually pretextual. *Id.* The plaintiff may establish pretext by showing that, 1) the stated reasons had no basis in fact; 2) the stated reasons were not the actual reasons; or 3) the stated reasons were insufficient to explain the defendant's action. *Id. See also, Cicero v. Borg-Warner Automotive, Inc.,* 280 F.3d 579, 589 (6th Cir. 2002). "A reason cannot be proved to be 'a pretext for discrimination' unless it is shown both that the reason was false, and that discrimination was the real reason." *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 515, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993).

Once the plaintiff has established a prima facie claim and has introduced evidence of pretext such that the jury could reject the defendant's explanation, it is the province of the jury to weigh the evidence, draw all reasonable inferences therefrom, and make credibility determinations. *Reeves v. Sanderson Plumbing Prod. Inc.,* 530 U.S. 133, 150, 120 S.Ct. 2097, 2110 (2000). If a reasonable trier of fact could disbelieve the defendant's proffered reasons, then

granting summary judgment would be inappropriate. *Id.*

   **2. Retaliation**

An employer may not retaliate against an employee because he has opposed an unlawful employment practice, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing. 42 U.S.C. § 2000e-3(a).

A prima facie case of retaliation requires an employee plaintiff to demonstrate that:

   1. She engaged in a protected activity;

   2. Defendant knew that Plaintiff was exercising the protected rights;

   3. Plaintiff suffered an adverse employment action or was subjected to severe or pervasive retaliatory harassment by a supervisor; and

   4. there was a causal connection between the protected activity and the adverse employment action or harassment.

*Little v. BP Exploration and Oil Co.,* 265 F.3d 357, 363 (6th Cir. 2001); *Morris v. Oldham Co. Fiscal Court*, 201 F.3d 784, 792 (6th Cir. 2000).

Retaliation claims are evaluated under the *McDonnell Douglas-Burdine* tripartite test discussed above. *EEOC v. Avery Dennison Corp.,* 104 F.3d 858, 862 (6th Cir. 1997). Accordingly, as has been discussed, Plaintiff must first establish a prima facie case of retaliation. Once Plaintiff establishes a prima facie case of retaliation, Defendants may show nondiscriminatory reasons for their actions. Once Defendants demonstrate nondiscriminatory reasons for their actions, Plaintiff may prove those reasons to be pretextual.

13

**D. The Case At Bar**

As noted, in order for Plaintiff to prevail on her claims of race discrimination, she must establish that: (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) she was qualified for the position; and (4) she was replaced by a person outside of the protected class. Plaintiff simply cannot do so. Likewise, Plaintiff cannot meet her prima facie requirements for a retaliation claim, as she cannot establish that: (1) she engaged in a protected activity; (2) Defendant knew that she engaged in that protected activity; (3) she suffered an adverse employment action; and (4) a causal connection exists between the protected activity and the adverse employment action. Additionally, Plaintiff cannot demonstrate that Defendant's legitimate, non-discriminatory reasons of her chronic tardiness and violation of company policies are pretext.

As set forth in greater detail in the Undisputed Facts section above, it is undisputed that subsequent to her 2004 hire, Plaintiff was promoted to Treasurer Assistant II and began being chronically late for work, in violation of Defendant's attendance policies. It is further undisputed that Plaintiff's schedule was modified in an attempt to help her reduce her tardiness, but that, despite this accommodation and numerous warnings, Plaintiff continued to be chronically late for work. It is additionally undisputed that Plaintiff was warned of possible termination in her January 19, 2010 performance review, but that in the three months subsequent, Plaintiff was late on thirty-one of the forty-nine days that she worked, and that as a direct result, Plaintiff's employment was terminated.

It is also undisputed that Plaintiff reported taking FMLA to care for her mother, and never reported that she herself had a disability or serious illness. It is undisputed that, at the time

14

of her employment termination, Defendant did not know of any disability or illness that Plaintiff may have had, and therefore did not fire her on account of any such disability or illness.

Moreover, it is undisputed that, at all times relevant to the case at bar, Defendant had a company policy that stated: "Any form of harassment on the basis of race, color, religion, national origin, sex, age, or disability will not be tolerated in the workplace," and that Defendant did not terminate Plaintiff because of her race, age, color, sex, or national origin.

It is further undisputed that Ms. Jones was not aware of any complaints Plaintiff allegedly filed on April 17, 2010, that Defendant has no record of any complaint filed by Plaintiff on the employee hotline on April 17, 2010, and that Defendant did not take any retaliatory actions against Plaintiff at any time.

Finally, it is undisputed that Plaintiff was not replaced by Ms. Overby, a Caucasian female.

Under these circumstances, and on the basis of the undisputed facts in this case that are in a form required by Fed. R. Civ. P. 56, the undersigned concludes that no rational fact finder could conclude that Defendant either discriminated against Plaintiff or retaliated against her. *See Reeves, supra,* 530 U.S. at 148 ("an employer would be entitled to judgment as a matter of law if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision...."). Accordingly, Defendant is entitled to a judgment as a matter of law on Plaintiff's discrimination and retaliation claims.

Additionally, although Plaintiff checked the lines alleging that Defendant failed to promote her, Plaintiff's Complaint does not allege *any* specific facts regarding her claim of

failure to promote. As has been discussed, Plaintiff bears the burden of adducing affirmative evidence demonstrating that there is a genuine issue for trial. Plaintiff has not adduced *any* evidence in a form required by Fed. R. Civ. P. 56 regarding Defendant's alleged failure to promote her. Thus, Plaintiff has failed to carry her burden. Accordingly, Defendant is entitled to a judgment as a matter of law on Plaintiff's failure to promote claim.

Finally, to the extent that Plaintiff claims violation of the Equal Pay Act, Plaintiff's Complaint likewise does not allege *any* specific facts regarding her equal pay claim. Again, Plaintiff bears the burden of adducing affirmative evidence demonstrating that there is a genuine issue for trial. Plaintiff has not adduced *any* evidence in a form required by Fed. R. Civ. P. 56 regarding Defendant's alleged violation of the equal pay act, and Plaintiff has failed to carry her burden. Accordingly, Defendant is entitled to a judgment as a matter of law on Plaintiff's equal pay claim.

## IV. Conclusion

For the forgoing reasons, the undersigned finds that there are no genuine issues of material fact and that Defendant is entitled to a judgment as a matter of law. Accordingly, the undersigned recommends that Defendant's Motion for Summary Judgment be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this

Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                 _____
                                 E. CLIFTON KNOWLES
                                 United States Magistrate Judge